Battle, J.
 

 The pleadin&s la.^ffi*s“‘case/éSihibit a defect, which we deem it not improp^fi^suag&ie: the defense ought to have been made by way of plea, instead of answer: Cole on Crim. Inf. and Quo Warranto, 204, (53 Law Lib.) 1 Rev. Stat. chap. 97, sec. 1;
 
 State
 
 v. Hardie, 1 Ire. Rep. 42. But the counsel, by a written agreement, filed in the cause, have waived all objections on account of this-defect, and have referred the matter to the Court to- be- decided upon its merits on the information and answer..
 

 We are to take the answer then, as a special plea in bar: and the case made by the pleadings,, and some admissions of the parties, is this:
 

 The Legislature by an Act passed in the year 1852, ch. 17, entitled
 
 “
 
 An Act to appoint commissioners to locate the town of Marshall,” appointed “ Joseph Cathey of the county of Haywood, William, Lescor of the county of Caldwell, Gen. Alxey Burgin of the county of McDowell, Leander S. Gash of the county of Henderson, Col. George Bower of the county of Ashe, Erancis P. Glass of the county of Burke, and Dr. Columbus Mills of the county of Rutherford, commissioners, to select a site for the location of the town of Marshall, in the county of Madison, with power for any five of them to act.” The
 
 *126
 
 third section directed these commissioners to obtain by donation or purchase, a quantity of land-, not less than, ¡fifty acres, for the use of the county, and to take the deed oí deeds therefor to the county of Madison, or to the chairman of the county court, for the use of the county; “ and to file with the clerk of the county court of said county, a statement of their decision.” The fourth section appointed the defendants commissioners to lay off and sell the lots in the town to be located on the lands purchased by the commissioners herein before named, or any five of them, and to take the bonds for the purchase money, and file them with the clerk of the county court for the use of the county. By the fifth section any three of them were au-thorised to act; and any one or more-of them, neglecting'or refusing to perform the duties enjoined, were made liable to be indicted, and upon conviction, to be fined at the discretion of the Court.
 

 After the lUli day of February, 1853, the defendants were notified that an instrument of writing, bearing that date, was filed in the office of the clerk of the county court of Madison, in the words following, to wit:
 
 “
 
 The undersigned commissioners, appointed by act of the Legislature at the last session, having proceeded according to the said Act, as explained by a member of the Legislature, to an examination of all the locations near the centre of the county of Madison, after a careful examination, and a patient hearing of all the parties interested, have agreed upon a location for the town of Marshall, on the lands of Z. B. Nance and Samuel Cliunn, securing by title bond in the sum of five thousand dollars, fifty acres from Nance; and a conveyance from Chunn for a tract adjoining Nance, for about fifteen to twenty-five acres, which will be more fully understood by a reference to said title papers, all of which respectfully reported to the worshipful court of pleas and quarter sessions of Madison county, and those whom it may concern.
 

 N. B. Ve hereby constitute Wm. "Williams, Esq., Atfcor-
 
 *127
 
 ney at Law, our agent to take tbe deeds from the said Yance, or to have the same properly executed.
 

 ¥M. A. LENOIR,
 

 ALNEY BURG-IN,
 

 J. CATI-IEY,
 

 F. P. GLASS,
 

 C. M. AYERY.”
 

 The deed from Yance was subsequently taken by the agent for these commissioners, and then the defendants proceeded to perform the duties enjoined by the Act, by laying off and selling the lots on the land purchased by the commissioners on the French Broad river, near the residence of Adolphus E. Baird, and had completed all that was required of them, before the information against them was filed.
 

 Two objections have been made by the counsel for the defendants against this proceeding, for which it is contended that it ought to be dismissed. The first is, that the defendants were'not in the exercise of any office : that they were
 
 functi officio,
 
 and that therefore an information, in the nature of
 
 quo
 
 warranto, was too late, and would not lie.
 
 Secondly:
 
 That the persons who located the town of Marshall by purchasing lands, taking the deed therefor, and filing a statement of their decision, in the office of the clerk of the county court of Madison, were commissioners
 
 defacto
 
 if not
 
 dejure,
 
 and the defendants had no right to question their authority ; but were bound to consider their acts as valid, and consequently must be justified for having done so, until by a proceeding directly against such commissioners, it shall be adjudged that they usurped ed their office, and acted without authority of law.
 

 To the first objection, the opinion of the Judges, in the case of
 
 Rex
 
 v. Harris, 6 Adol. and El. 475, (33 Eng. C. L. Rep. 117) referred to by the plaintiff’s counsel, is a decisive answer. In that case, Littledalb, J., remarked that, “ there have been instances in which an information has issued after the office-expired, where something done in the office wrould have affected the general administration of affairs in the borough.” And
 
 *128
 
 Colekddge, J., added,
 
 “
 
 In
 
 Rex
 
 v.
 
 the Aldermen of New Rad
 
 nor, 2d Ld. Kenyon’s Notes 498, the conviction of the officer
 
 de faeto
 
 might have become necessary as evidence to invalidate the title of other members of the corporation claiming through him.” In the present case, the manifest object of proceeding against the defendants, is by the conviction of them, to invalidate the acts of those who are going on to erect a court house and other public buildings, and thus to fix the town of Marshall upon the site selected by the commissioners of location. "With that view, the information does not come too late. But that proposition necessarily suggests the enquiry, whether the relator has selected the proper persons against whom to proceed ?
 

 And this brings forward for consideration the second objection, which, we think, is as decisive against the plaintiff, as the first is for him.
 

 In the case of
 
 Burke
 
 v. Elliott, 4 Ire. Rep. 355, it was decided that the acts of officers
 
 de faeto
 
 are as effectual, as far as the rights of third persons or the public ai’e concerned, as if they were officers
 
 de jv/re.
 
 In delivering the opinion of the Court, the Chief Justice, RumtN, very ably reviewed the whole subject, and showed beyond doubt, that the conclusion arrived at by the Court, was suppoi'ted as strongly by authority, English and American, as by reason and public policy. It may admit of doubt, say the Court, what shall constitute an officer
 
 de faeto
 
 in different cases.
 
 “
 
 The mere assumption of the officer by performing, one, or even several acts, appropriate to it, without any recognition of the person as officer by the appointing power, may not be sufficient to constitute him an officer
 
 de faeto.
 
 There must, at least, be some colorable election and induction into office
 
 db origine;
 
 or so long an exercise of the office, and acquiescence therein of the public authorities, as to afford to the individual citizen, a presumption strong, that the party was duly appointed, and therefore, that every person might compel him, for the legal fees, to do his business, and for the same reason, was bound to submit to his authority as the officer of the country. A public office
 
 *129
 
 is to bo supposed necessary for the public service, and for the convenience of all the various members of the community, and therefore, that it will be duly filled by the public authority. Where one is found actually in office, and openly and notoriously exercising its functions in a limited district, so that it must be known to those whose official duty it is to see that the office is legally filled, and also that it is not illegally usurped, and when this goes on for a great length of time, or for a period which covers much of the time for which the office may be lawfully conferred, it would be entrapping the citizen and betraying his interests, if, when he had applied to the officer
 
 da facto
 
 to do his business, and got it done, as he supposed, by the only person who could do it, he could yet bo told, that all that was done was void, because the public had not duly appointed that person to the office, which the the public allowed him to exercise.” The above remarks apply more particularly to officers of a greater or less permanent character. But they may be applied with equal force to those, who, like the commissioners in the present case, had but a single duty to perform. Here the commissioners were appointed by the highest public authority, the Legislature, for the sole purpose of locating the town of Marshall. In doing this, they were required to select a site, purchase lands, and take deeds therefor, and file with the clerk of the county court a statement of their decision. Certain persons,'professing to act under the authority of the Legislature, and some of whom were, without question duly appointed, proceeded to act as commissioners, and did perform the duty required of them as such. The defendants were notified of the statement of the decision of these persons, professing to act as commissioners, being filed with the clerk of the county court, which was to be their authority for proceeding to lay off and sell the town lots : Could the defendant question the validity of the act of these persons, when it had been recognised by the clerk of the county court ? Were they bound to dispute, at the risk of being indicted and punished, what no one else had disputed
 
 %
 
 We think not. As to them, the persons professing to act, and
 
 *130
 
 acting as commissioners, must be regarded as sucli
 
 de facto,
 
 if not
 
 de jwe.
 
 The Information itself attacks the defendants, by calling in question the validity of the power of the commissioners of location. The relator ought to have proceeded directly against them in the first instance, and until that be done, and they be convicted of usurpation of power, the doings of the defendants must stand nnimpeached. In coming to the conclusion, that the Information must be dismissed, we have not, as will bo seep, noticed the proceeding of the persons professing to act as commissioners, on the 14th day of January, 1S54, and thereby to ratify and confirm the location first made. Whether that will avail any thing in an Information against the commissioners of location, is not for us to say. Wo have performed our duty to this case, when we declare that the present Information cannot be sustained, and that the judgment dismissing it must bo affirmed.
 

 Per Cueiam. Judgment affirmed.