STATE v. WARREN DIXON and others.

An appeal to this Court, without bond, must be perfected, as prescribed by the Act of 1869–'70, chap. 196, during the term of the Court. If not so perfected, it is a nullity and cannot vacate or suspend the judgment of the Court.

(*State* v. *Divine,* 69 N. C. Rep. 390, cited and approved.)

INDICTMENT for forcible trespass and assault, tried at Spring Term, 1874, of WARREN Superior Court, before his Honor, *Judge Watts.*

On the trial below the defendants were found guilty, and some fined, others imprisoned.   The case sent up states, " From this judgment the said Warren Dixon," and others—naming them—" pray and appeal to the Supreme Court, and it is allowed."   The said defendants take the oath of insolvents.

*Busbee & Busbee,* for the defendants.
*Attorney General Hargrove,* for the State.

RODMAN, J.  It is necessary only to refer to the case of the *State* v. *Dixon,* 69 N. C. Rep. 390, to show that this appeal should be dismissed. Appeals in criminal action are not allowed unless the appellant gives bond with security to abide the judgment of the Appellate Court, (Rev. Code, chap. 4, sec. 21,) except where an appeal is allowed without bond either by the section cited from the Revised Code, or by the act of 1869–'70, chap. 196.  By each of these statutes the appeal must be perfected during the term of the Court. If not so perfected it is a nullity and cannot vacate or suspend the judgment of the Court.

If the pretended appeal in this case has had the practical effect of suspending the execution of the sentence of the Court without authority on record from the Judge, the sheriff has neglected his duty.  We can scarcely suppose that the Judge has knowingly permitted his sentence to be trifled with in so palpable a way.

PER CURIAM.                              Appeal dismissed.