ALEXANDER ENGLAND v. WILLIAM DUCKWORTH.

A Judge of the Superior Court should pass on a motion for a *new trial* at the term of the court at which the trial was had. He has no authority to continue such motion to a subsequent term. (C. C. P., sec. 236, sub-sec. 4.)

CIVIL ACTION, tried before CANNON, J., at Fall Term, 1875, of the Superior Court of TRANSYLVANIA County.

The facts pertinent to the decision of this Court are set out in the opinion of Justice RODMAN.

There was judgment for the defendant, and the plaintiff appealed.

*J. H. Merrimon,* for the appellant.
*J. C. L. Harris,* contra.

RODMAN, J. The plaintiff recovered a judgment for $44.18 before a Justice of the Peace, and the defendant appealed. There was a trial *de novo* in the Superior Court, where the jury found a verdict for the plaintiff, and a judgment was entered accordingly. At the same term of the Court the defendant moved for a new trial, whereupon the Judge ordered that the motion be continued until the next term, and that the judgment be stricken out, and that the plaintiff be allowed to take the deposition of a certain witness. At the next term the Judge granted a new trial, and the plaintiff appealed.

We are of opinion that under sec. 236 of C. C. P., sub-sec. 4, the Judge should have passed on the motion for a new trial at the term at which the trial was had, and had no right to decide on it at a subsequent term. He is expressly forbidden to do so by the section cited. One reason for this rule is, that at the trial term the evidence will be fresh in

the Judge's memory; and another is, that a party having a verdict should not be unreasonably delayed of his judgment.

PER CURIAM.   The judgment granting a new trial is reversed, and the plaintiff will have judgment in this Court.