### STATE v. CALVIN BENNETT.

*Appeal—Certiorari—Judgment—New Trial.*

1. A judgment in a criminal action is not vacated by an appeal, until the statutory requirements with respect to the perfecting of the appeal are complied with, and it is the duty of the Court to enforce the judgment. The Code, §935.

2. A judgment regularly entered at one term of the Court, cannot be set aside at a subsequent term, except in cases of surprise, mistake or excusable neglect. The Code, §§274 and 1202.

3. Where a party has lost his appeal by the conduct of his adversary, his remedy is by the writ of *certiorari*, to bring the case to the appellate Court, and not by a motion for a new trial.

(*State* v. *Bill*, 13 Ired., 373; *State* v. *Dixon*, 71 N. C., 204; *Davis* v. *Shaver*, Phil. Law, 18; *Sharp* v. *Rintels*, *Ibid.*, 34; *State* v. *Alphin*, 81 N. C., 566; *England* v. *Duckworth*, 75 N. C., 309, cited and approved).

This was an appeal from the Inferior Court of PITT county, heard before *Gudger, Judge,* at Spring Term, 1885, of Superior Court for that county.

The facts are fully stated in the opinion.

The *Attorney General,* for the State.
*Mr. Aug. M. Moore,* for the defendant.

ASHE, J. This was an indictment for larceny and receiving stolen goods, preferred against the defendant, and tried in the Inferior Court of Pitt county, at August Term, 1884.

The defendant was convicted and sentenced, and from the judgment of the Inferior Court, appealed to the Superior Court, where, at the Fall Term, 1884, the appeal was dismissed. At the February Term, 1884, of the Inferior Court, the defendant moved for a new trial, which was overruled, and, upon motion by the Solicitor, the sentence of the Court was pronounced against the defendant, from which judgment he appealed to the Superior Court; and, in that Court, at the Spring Term, 1885, his Honor *Judge Gudger* held there was no error in the ruling of the Inferior Court, and adjudged that the judgment of that Court be affirmed, and from that judgment, the defendant appealed to this Court.

In the record transmitted from the Inferior to the Superior Court, it appears that the appeal was not taken within the time prescribed by the statute, and we presume that is the ground upon which the appeal of the defendant was dismissed. The defendant filed an affidavit in the Inferior Court, setting forth as a reason for not perfecting his appeal in time, that there was an agreement, as he was informed, between the State's Solicitor and his counsel, for an extension of the time for perfecting his appeal. But we do not see how that could avail him, if true, after his appeal had been dismissed, and the opinion of the Superior Court certified to the Inferior Court. His only remedy in such a case, was by writ of *certiorari*, which he failed to apply for. *State* v. *Bill*, 13 Ired., 373.

But the defendant's counsel in support of his motion for a new trial at the February Term of the Inferior Court contended, "that a motion for a new trial could be made at any time before judgment, and the appeal in this case having vacated the judgment rendered at the August Term of the Superior Court, that the Court had the authority, and the motion was in apt time." But in that he was mistaken. His contention was founded upon false premises. The judgment rendered at the August Term, 1884, has never been vacated and still stands as a judgment of that Court.

When an appeal is *regularly* taken by a defendant in a criminal action from a judgment against him, the appeal vacates the judgment; but when the appeal is taken without a compliance with the statutory requirements, and is for that reason dismissed, the appeal is a nullity, and does not vacate or suspend the judgment, and it stands as if no appeal had been taken. *State* v. *Dixon*, 71 N. C., 204. That being so then, assuming that the defendant's position that the motion should be made before judgment is correct, he ought to have made it at the August Term, 1884, and it cannot avail him to say that a second judgment was rendered at the February Term, 1885, for there was no necessity for that judgment as the first was in existence. All the Court had to do at the subsequent term was to see that the judgment was enforced.

It is well established that a judgment regularly entered at one term of the Court, cannot be. vacated at a sub-equent term. *Davis* v. *Shaver*, Phil. Law, 18 ; *Sharp* v. *Rintels*, *Ibid.*, 34 ; *State* v. *Alphin*, 81 N. C., 566 ; *England* v. *Duckworth*, 75 N. C., 309 ; The Code, §935. The only exception to which, is the discretion given to a Judge by The Code, §274, to set aside a judgment rendered at a former term of the Court for " mistake," &c.

The decision in *England* v. *Duckworth, supra,* is directly in point. There was, in that case, a verdict and judgment in the Superior Court against the defendant, and at the same term of the Court he moved for a new trial, and the Judge ordered the motion to be continued to the next term, and that the judgment be stricken out, and that the plaintiff be allowed to take the deposition of a certain witness. At the next term the Judge granted a new trial, and the plaintiff appealed. The judgment granting the new trial was reversed, and RODMAN, Judge, speaking for the Court said : "We are of the opinion that under section 236, C. C. P., sub-sec. 4, (The Code, sec. 492, sub-sec. 4), the Judge should have passed on the motion for a new trial at the term of which the new trial was had, and had no right to decide it at a

subsequent term. He is expressly forbidden to do so by the section cited." ·

It is true that was a civil action, but it is provided by The Code, §1202, that Courts may grant new trials in criminal cases when the defendant is found guilty, under the same rules and regulations as in civil cases. But independent of the statute, the rule of the common law was the same. / In Wharton's Criminal Law, §3391, it is laid down that "at common law the Court trying the case, is the sole tribunal by whom a new trial can be granted, and its refusal so to do being matter of discretion is no ground for a writ of error." S. P., 1 Chitty on Criminal Law, star page 660.

These authorities lead us to the conclusion, that there was no error. This opinion must be certified to the Superior Court of Pitt county, that it may be certified by that Court to the Inferior Court of said county, that it may proceed with the case in conformity to this opinion and the law.

No error.                                             Affirmed.