STATE v. W. H. HARGRAVE.

*Evidence.*

1. Hearsay evidence is inadmissible, except when the bodily or mental feelings or condition of an individual are material, when the usual expression of such feelings are admissible, although hearsay.

2. Where the defendant was indicted for stealing a horse, the hearsay declarations of a party that a horse in the possession of a witness was the horse of the prosecutor, are inadmissible.

(*Wallace* v. *McIntosh*, 4 Jones, 434; *State* v. *Harris*, 63 N. C., 1; cited and approved).

This was an INDICTMENT for larceny, tried before *Boykin, Judge,* at September Term, 1886, of DAVIDSON Superior Court.

The defendant was charged with stealing a bay mare, the property of W. P. Brown, and the following is the case on appeal:

"There was evidence that immediately after the larceny, the owner's son was sent in search of the stolen mare by his father. The mare was found in Tazewell county, Virginia, in the possession of one Buchanan, who had testified that he obtained the mare from the defendant. The defendant denied that the mare he traded to Buchanan was the property of Brown, the person in whom the property was laid in the bill. The State insisted that the mare was the

property of Brown, and that the defendant knew it, having been heard to admit as much on a certain occasion. The State was permitted to prove, under objection of the defendant, that upon seeing the mare in the possession of Buchanan, in Virginia, the owner's son exclaimed : " *That's father's mare !*" as tending to establish the identity of the mare."

There was a verdict of guilty, and judgment, from which the defendant appealed.

*The Attorney-General,* for the State.
*Messrs. M. H. Pinnix* and *Frank Robbins,* for the defendant.

DAVIS, J., (after stating the facts). There was error in admitting the exclamation, which was but the declaration of a person who was not put upon the stand as a witness, who was not sworn, and whom the accused had no opportunity to cross-examine. Every person accused of a crime has a right to confront the accusers and witnesses against him, and there is no surer safeguard thrown around the person of the citizen than this guarantee contained in the Declaration of Rights. We are unable to perceive any ground upon which the exclamation, "that's father's mare," can be admitted as evidence against the accused, to show the identity of the mare. If any number of persons of the most undoubted credit had seen the mare in the State of Virginia, in the possession of Buchanan, and had made affidavits as to its identity as the property of W. P. Brown, they would have been inadmissible as evidence; certainly the exclamation of the son would be equally as inadmissible. It can come under no one of the classes of exceptions to the general rule of evidence that excludes hearsay.

Whenever the bodily or mental feelings or condition of an individval are material to be proved, the usual expression of such feelings are admissible as original evidence,

and the authorities relied upon by the counsel for the State are of this class; *Wallace* v. *McIntosh*, 4 Jones, 434; *State* v. *Harris*, 63 N. C., 1; 1 Greenleaf Ev., §§102, 124, 125, 162.

There is error, and the prisoner is entitled to a new trial. Let this be certified, and a *venire de novo* awarded.

Error.                                                                          Reversed.