STATE v. GEORGE and FRANK FREEMAN.

(Filed 25 March, 1908).

1. **Appeal and Error—Objections and Exceptions—Abandoned—Brief.**
   Exceptions taken at the trial and not relied on in the brief are deemed abandoned in the Supreme Court. Rule 34, 140 N. C., 666.

2. **Evidence—Bloodhounds—Circumstance—Corroborative.**
   In following the tracks of defendant it was competent to show that a bloodhound of pure blood, trained from a pup to run the tracks of men only, and of proven reliability, which would only run upon the scent upon which he had been put, "went to the shoe (of defendant), referred to by another witness, smelt it and whined, then turned to defendant and started to go on him." Such acts are competent both as a circumstance and as corroborating evidence.

3. **Evidence—Bloodhounds—Tracks—Finding of Stolen Goods—Sufficiency.**
   Upon the trial of defendants, charged with breaking into a store and stealing shoes, evidence that they were at the store Saturday evening, the store was broken into that night, bloodhounds, trained and tested, followed their tracks, empty shoe boxes were found along the route, three-quarters of a mile from the store where tracks were found, same man's tracks that had come from the store by the side of wheel tracks, which led to the house of one defendant and near to that of the other one, bloodhound whined when he smelt defendant's shoe and tried to attack him, and the shoe fitted into and corresponded with the tracks, and shoes of same stock as that stolen found between mattresses on the bed of the other defendant, is sufficient to sustain a verdict of guilty.

**4. Evidence—Shoe Fitting Tracks—Competency.**

> Evidence that defendant's shoe fitted into and corresponded with tracks found at the place of the theft and followed to defendant's house, with other facts and circumstances indicating his guilt, is competent.

CRIMINAL ACTION, tried before *Long, J.,* and a jury, at February Term, 1908, of the Superior Court of COLUMBUS County.

From judgment of conviction defendants appealed.

The facts sufficiently appear in the opinion of the Court.

*Assistant Attorney-General* for the State.
*J. B. Schulken* for defendants.

CLARK, C. J. Indictment for breaking into storehouse with intent to steal. Several exceptions were taken at the trial, but only two are relied on in defendants' brief. The others are taken to be abandoned. Rule 34; 140 N. C., 666.

The first exception is that it was error to permit the witness to state that "the dog carried us to the shoe," on the ground that it was making the act of the dog substantive testimony and not corroborative of any particular act, as the shoe was not upon anyone. The same exception was taken to another witness, who said "the dog went to the shoe," referred to by the other witness. "She smelt the shoe and whined. She then turned to the defendant and scented him and started to go on to him, and I took her away." His Honor stated to the jury that the court allowed the foregoing evidence only as corroborative, and in his charge told them: "The evidence as to the dog is only admitted, and so explained to the jury, to corroborate other evidence as to tracks offered by the State, and after the dog had been shown to have been trained to follow only the tracks of mankind."

If there was error it was against the State, for it is not correct to say that such evidence is admissible only in corroboration. In *State v. Moore,* 129 N. C., 498, it was held that it

must be either "a circumstance which would tend to connect the defendants with the larceny, or that it in any way corroborated the testimony of the witness." As said in *State v. Hunter,* 143 N. C., 609, and cases there cited, "The conduct of the dog is competent evidence." The safeguard is that the dog was shown to be a bloodhound of pure blood, trained from a pup to run the tracks of men only; that she had been tried and proved reliable, "trained and tested." *Pedigo v. Com.,* 103 Ky., 41. The witness testified: "After she is put on the scent of one man she will not run after another. She has trailed the track of one man fifteen miles, and through where a thousand had been."

Where the training, character and conduct of the dog make his acts evidence, such acts may be either a circumstance or corroborating evidence. Their admission as evidence is not restricted to cases in which the dog's acts are corroborating only. It is sufficient if the evidence of the conduct of the dog, taken with other facts and circumstances in evidence, should be enough to authorize a verdict.

The other exception is the refusal of the court to charge that there was no evidence. It was in evidence that the two defendants were at the store Saturday afternoon; the store was broken into that night; shoes and other goods stolen. Next day at noon the bloodhound was put on the tracks; the tracks were found at the store; the dog followed the tracks; empty shoe boxes were found along the track. Three-quarters of a mile off; they found where a cart had turned around; followed cart tracks to within 100 yards of George Freeman's house, and the same men's tracks that had come from store, by side of cart track, and then followed mule track a quarter of a mile further, to Frank Freeman's house; followed the man's track 100 yards from cart track, to George Freeman's house. On entering his house, the dog found a shoe on floor, whined and tried to attack George. This shoe fitted the track leading from store, and it had tacks on it corresponding to those in

the track of one of the men, and was run down in same manner. Had followed this shoe track by side of cart track within 100 yards of defendant's house; found a pair of shoes between mattress and bed at George Freeman's house—white, low-quarter women's shoes, of same stock of goods that had been stolen. The witness could not swear positively they were his shoes. Then there was above evidence of the dog following the track, whining when she found and·smelt the shoe, the dog then trying to attack the defendant, and the shoe fitting the track and corresponding with it in other respects. Tracks are competent evidence. *State v. Morris,* 84 N. C., 756; *State v. Reitz,* 83 N. C., 634. The evidence was properly submitted to the jury, together with the evidence offered by the defense.

No Error.