HOKE, J., concurring.
The plea in this case was self-defense. The prisoner offered evidence to show that the deceased was a violent and dangerous man when under the influence of liquor, and there was evidence tending to show that he had been drinking (680) just before he was cut with the knife by the prisoner. For the purpose of testing the competency of the proposed evidence, we will, therefore, assume that the was under the influence of liquor at the time he assaulted the prisoner with the stick. There was no offer to show that the prisoner, at the time of the alteration, knew of the alleged character of deceased as a violent and dangerous man. Upon this question, the law of this State is well settled by numerous decisions, however it may be in other jurisdictions, though we believe that the great weight of authority sustains the view of this Court. The general rule prevailing in most of the jurisdictions is that such evidence is not admissible, and in this State such a general rule is well settled, but it is subject to exceptions depending upon the peculiar facts and circumstances of each case. It has been said that these exceptions are now so well defined and established by the current of the more recent decisions that they have assumed a specific formula, and have themselves become a general rule subordinate to the principal one. S. v.Turpin, 77 N.C. 473. As at present understood and formulated, the rule may be thus stated: As a general rule, evidence of the character of the deceased is not relevant to the issue in a trial for homicide, and consequently it is not permissible to show his general reputation as a dangerous or violent man; but when there is evidence showing, or tending to show, that the prisoner acted in self-defense, under a reasonable apprehension that his life was in danger, or that he was in danger of great bodily harm, evidence of the character of the deceased as a violent and dangerous man is admissible, provided the prisoner, at the time of the homicide, knew of such character, or the nature of the transaction is in doubt. 25 A. and E. Enc. (2 Ed.), 281; 5 ibid., pp. 872 and 873, where many cases are collected in the note which supports the text, and among them are cited S. v. Turpin, supra; S. v.Hensley, 94 N.C. 1022, and S. v. Rollins, 113 N.C. 722.
The reason why it is necessary for the prisoner to have known of the character of the deceased as a violent and dangerous man is well stated by Justice Bynum in Turpin's case, supra, (681) at p. 477: "Where one is drawn into combat of this nature by the very instinct and constitution of his being, he is obliged to estimate the danger in which he has been placed, and the kind and degree of resistance necessary to his defense. To do this he must consider, not only the size and strength of his foe, how he is armed, and his threats, but *Page 562 
also his character as a violent and dangerous man. It is sound sense, and we think sound law, that before a jury shall be required to say whether the defendant did anything more than a reasonable man should have done under the circumstances, it should, as far as can, be placed in the defendant's situation, surrounded with the same appearances of danger, with the same degree of knowledge of the deceased's probable purpose which the defendant possessed. If the prisoner was ignorant of the character of the deceased, then the proof of it would have been inadmissible, because his action could not have been influenced by the dangerous character of a man of which he had no knowledge." InHensley's case, at p. 1032, the Court said on this point: "If the prisoner did not have knowledge of such character of the deceased (for violence), then such evidence would not be competent, because it could not be inferred that the acted upon facts of which he was ignorant." The present Chief Justice said in Rollins' case: "The evidence of the homicide was not circumstantial, and though the plea of self-defense was set up, it did not appear that the prisoner knew the character of the deceased for violence. Evidence to show such character was, therefore, properly excluded." It is also competent to show the character of the deceased as a violent and dangerous man when the evidence is wholly circumstantial and the character of the encounter is in doubt. The difference in the two kinds of cases is pointed out in S. v.Byrd, 121 N.C. 684: "Evidence of the general character of the deceased as a violent and dangerous man is admissible where there is evidence tending to show that the killing may have been done from a principle of self-preservation and, also, where the evidence is wholly circumstantial, and the character of the transaction is in doubt. We think that threats made by the deceased against the prisoner come under the (682) same rule. If the threats are not communicated to the prisoner, and the character of the deceased is unknown to him, such evidence is not admissible, when offered only to show self-defense, because facts of which the prisoner had no knowledge could have no effect upon his mind. S. v. Turpin, supra; S. v. Hensley, supra; S. v. Rollins,supra. But where the evidence is wholly circumstantial, testimony of the violent character and threats of the deceased, even if unknown to the prisoner, are admissible as tending to show the inherent probabilities of the transaction. S. v. Turpin, supra; S. v. Hensley, supra. In the latter case the syllabus appears to differ from the opinion. While this principle has been doubted in some cases, we think it is correct and its adoption the only way of reconciling apparently conflicting opinions." See, also, S. v. Gooch, 94 N.C. 987; S. v. Summer,130 N.C. 718; S. v. Exum, 138 N.C. 600; S. v. Baldwin,155 N.C. 494; S. v. Price, 158 N.C. 641. *Page 563 
Our reference to S. v. Byrd, and to the language quoted therefrom, must not be taken as an authoritative statement by us now of the rule where the evidence is circumstantial, for in this case the testimony is not of that character, as the details of the encounter were given in evidence by eye-witnesses, who testified substantially to the same facts. The present case has not been brought within either branch of the rule, for although there was evidence of self-defense, the character of the deceased for violence, if established, was not known to the prisoner, nor was the evidence circumstantial, nor was the nature of the transaction sufficiently in doubt. In no view, therefore, was it relevant to show the character of the deceased.
The instructions requested by the defendant, and the subjects of his second and third assignments of error, were properly refused. We have said that the expression, "if the jury believe the evidence," preliminary to a direction as to how they should find upon such belief, is "inexact" and should be "eschewed" by the judges, though when used it is not ground for a new trial, unless clearly prejudicial. Sossamanv. Cruse, 133 N.C. 470; Merrell v. Dudley, 139 N.C. 57. But a judge should not be required to use that form of expression, (683) especially if it will mislead the jury as to their province in passing upon the facts or restrict them in the exercise of their proper function as triers of the facts. The prayers were to strongly worded, and they are further objectionable as leaving the question of reasonable apprehension as to the prisoner's danger entirely too much to him, when it is one for the jury to decide, though in view of the facts, circumstances, and surroundings as they appeared to the prisoner at the time of the homicide. S. v. Turpin, supra; S. v. Barrett, 132 N.C. 1005. We thus stated the principle in Barrett's case: "The reasonableness of his apprehension must always be for the jury, and not the defendant, to pass upon; but the jury must from their conclusion from the facts and circumstances as they appeared to the defendant at the time he committed the alleged criminal act. If his adversary does anything which is calculated to excite in his mind, while in the exercise of ordinary firmness, a reasonable apprehension that he is about to assail him and take his life, or to inflict great bodily harm, it would seem that the law should permit him to act in obedience to the natural impulse of self-preservation and to defend himself against what the supposes to be a threatened attack, even though it may turn out afterwards that he was misled; provided, always, as we have said, the jury find that his apprehension was a reasonable one and that he acted with ordinary firmness." The prisoner must not only have thought that he was in danger of his life or of receiving great bodily harm, but his apprehension *Page 564 
must be based on reasonable grounds, to be found by the jury in the manner we have stated, and not by the prisoner. S. v. Cox,153 N.C. 638; S. v. Kimbrell, 151 N.C. 702; S. v. Dixon,75 N.C. 275. The law is sufficiently lenient to him when it requires that he should be judged by the facts and circumstances as they reasonable appeared to him. S. v. Nash, 88 N.C. 621; S. v. Gray,ante, 608. But the principle of law attempted to be invoked in behalf of the prisoner was fully and correctly stated to the jury by the court in its charge. The prayer for instruction as to murder in the second (684) degree, contained in the fifth assignment of error, is erroneous in itself, in view of the facts; but if it had been correct, the error in refusing it would have been harmless, as the jury did not convict of murder in the second degree, but the manslaughter. S. v. Yates,155 N.C. 450; S. v. Watkins, 159 N.C. 480.
The fourth assignment of error is without merit, as there is no substantial difference between the statement of counsel and the charge of the court in respect to the matter. If, by inadvertence, the judge states any contention of counsel erroneously, it should be called to his attention, so that the mistake can be corrected. Jeffress v. R. R., 158 N.C. at p. 223; S. v. Cox, supra.
In this case, the judge charged the jury clearly and exhaustively upon every phase of the evidence. He was not bound to adopt the language of the defendant's prayers for instruction, if they had been correct, but could select his own words, provided they correctly expressed the legal principles applicable to the facts. He properly placed the burden upon the defendant to satisfy the jury of every matter of excuse or mitigation, the killing with a deadly weapon being admitted. S. v. Quick, 150 N.C. 820; S.v. Yates, supra; S. v. Rowe, 155 N.C. 436; S. v. Simonds, 154 N.C. 197; S.v. Bradley, 161 N.C. 290. If the jury have returned a verdict contrary to the very truth of the matter, the only remedy was by motion in the court below to set it aside. We have no jurisdiction to reverse it, or to modify it, for that reason. The jury evidently found that the defendant did not act in self-defense, as explained by the court, when he struck the fatal blow, and therefore convicted him of manslaughter, upon the ground of legal provocation and the sudden heat of passion.
A careful review of the record and case on appeal has disclosed no error in the trial of the case.
No error.