STATE v. CARL MARTIN.

(Filed 26 May, 1917.)

1. Criminal Law—Evidence—Threats—Trials.

In the trial of an indictment for injury to property, Revisal, sec. 3673, a question asked a witness, if he had not heard his father say to another witness that if the latter did not swear to the defendant's guilt he would send him to the penitentiary, is properly excluded as irrelevant and hearsay.

2. Evidence—Footprints—Identification—Appeal and Error.

Evidence that foot tracks leading to defendant's dwelling from a crib which the defendant was on trial for destroying (Rev., sec. 3673), when shown to correspond with those of the defendant, is competent; and were it otherwise in this case, its subsequent exclusion by the court and his caution to the jury not to consider it cured the error.

3. Appeal and Error—Evidence Withdrawn—Error Cured—Instructions.

Where a competent question is ruled out by the trial judge, but afterwards answered by the same witness, the error is cured.

4. Instructions—Reasonable Doubt—Evidence—Criminal Law.

Where the charge by the court as to reasonable doubt of the defendant's guilt is sufficient, and it appears from the whole charge that the jury were instructed that they must convict the defendant upon the evidence, if at all, it is not objectionable that the judge failed to repeat, in each instance, that they could only convict him upon the evidence.

5. Appeal and Error—Contentions.

The failure of the trial judge to fully and correctly state the contentions of a party should be brought to the attention of the court at the time, and exception should be taken to his refusal to correctly state them.

6. Appeal and Error—Specific Instructions—Requests.

Exception that more definite instructions were not given by the court in his charge to the jury is untenable, in the absence of special requests upon the subject.

INDICTMENT, tried before *Harding, J.,* and a jury at Fall Term, 1916, of CLAY.

Defendant was indicted under the statute (Revisal, sec. 3673) for injury to property, in that he destroyed a crib of the prosecutor by an explosion of dynamite. He was convicted, and appealed.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*J. N. Moody for defendant.*

WALKER, J.   First. The defendant, on cross-examination of Bryan Brackens, a witness for the State, asked him this question: "Did you not hear your father testify yesterday that he had said, if Ras Martin did not swear that Carl did it, he would send him (Ras) to the penitentiary?"   On objection by the State, the question was excluded. It was plainly irrelevant and, besides, was mere hearsay. It did not appear that the witness Bryan Brackens had been influenced by his father to give false testimony, nor was there any evidence of any threats against him, and no connection was shown between him and Ras Martin, nor can we see how any threat against the other man affected the testimony of the witness in the least degree. It was pure hearsay, irrelevant and inadmissible.   McElvey on Evidence, 165, 167, and 521; *S. v. Barfield,* 29 N. C., 299; *S. v. Davis,* 77 N. C., 483; *S. v. Hargrave,* 97 N. C., 457.

Second. It was competent to show that there were tracks leading from the crib to the place where the defendant lived, and that they corresponded with those of the defendant. *S. v. Daniels,* 134 N. C., 641; *S. v. Freeman,* 146 N. C., 615; *S. v. Adams,* 138 N. C., 688. The answer of the witness was that he had tracked the parties to their home, which was at first admitted, was afterwards excluded by the court, with a proper caution to the jury that they should not consider it. This was sufficient and cured the error, if one was committed. *S. v. May.* 15 N. C., 331; *S. v. Collins,* 93 N. C., 564.

Third. The question put to the witness E. L. Martin, as to his "offer of $20 to some one if he would swear that Carl Martin committed the crime," was substantially answered by the witness after the court had ruled out the question. The subsequent questions are not given, but the answers, stated in narrative form, indicate that the defendant made his questions most specific and covered the entire field of inquiry. It does not cure an error in excluding a question, if it is afterwards answered by another witness, but does so if answered fully by the same witness.   *S. v. Rollins,* 113 N. Y., 722; *Young v. Gruner, ante,* 622.

Fourth. The charge as to reasonable doubt was quite sufficient. An intelligent jury could not fail to understand that they must try the defendant by the evidence and acquit or convict him accordingly. The judge, in other parts of the charge, had told the jury that they must be

fully satisfied "from the evidence" of the defendant's guilt before they could convict him, and it was unnecessary that the quoted words should be repeated, if from the whole charge the law was correctly stated and there was nothing to mislead the jury as to what was meant. A similar objection was made at this term in another case, and we overruled it. *S. v. Killian, ante,* 792. But the part of the charge to which objection was taken does clearly refer to the evidence.

Fifth. If defendant thought that his contentions were not fully and correctly stated, he should have called the court's attention to it, and also asked for special instructions if those given were deemed not sufficient. *Simmons v. Davenport,* 140 N. C., 407; *S. v. Blackwell,* 162 N. C., 672; *S. v. Cox,* 153 N. C., 638; *S. v. Fogleman,* 164 N. C., 458; *Jeffress v. R. R.,* 158 N. C., 215. We are of the opinion, though, that there was a fair and impartial explanation of the evidence to the jury, with an accurate statement of the law arising thereon, and that the charge is not subject to any valid objection or criticism. The other exceptions are without any merit.

No error.