STATE v. GEORGE HALL.

(Filed 30 March, 1921.)

**1. Appeal and Error—Objections and Exceptions—Instructions—Contentions.**

An objection of a party to an action that the trial judge did not state his contentions with sufficient fullness to the jury, while the contentions of the other party were fully given, should be made in time to afford the judge an opportunity to supply any omission, or it will not be considered on appeal.

**2. Verdict—Impeachment—Evidence.**

Evidence to impeach and set aside a verdict of a jury must be shown by other evidence than that of the jurors, or any of them, to be considered on appeal. As to the power of the court to set aside a verdict for cause after adjournment, see *S. v. Kinsauls,* 126 N. C., 1095, and other cases cited in the opinion.

**3. Same—Appeal and Error—Findings.**

The trial judge should find the facts upon which he refuses to set aside a verdict for cause, on appellant's motion, or it will not be considered on appeal.

**4. Jurors—Verdict—Evidence—Compromise—Personal Consideration.**

Jurors on a trial for a criminal offense are required to form their opinion of the guilt or innocence of the defendant from the evidence, and it is gross wrong in them to agree to the verdict rendered, with a recommendation for mercy, based upon consideration of personal inconvenience, and thus compromise with the other jurors.

APPEAL by defendant from *Daniels, J.,* at January Term, 1921, of CUMBERLAND.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*W. C. Downing, McCormick & Clark, and Robinson & Robinson for defendant.*

WALKER, J. The defendant was convicted of a secret assault, and from the judgment upon such conviction he appealed to this Court, and assigns several errors.

1. That his contentions were not stated, though the State's were given in full. This exception is not supported by the record, which shows that the contentions of both sides were stated by his Honor with fairness and impartiality. Besides, the objection, or rather suggestion, came too late. We have often held that such an objection must be made in apt time so that the court may have opportunity to supply any omission. The proceedings of the court must be conducted in an orderly manner, and, of course, all objections should be made at the proper time, and especially an objection of the kind here made. The latest case on the subject is *McMahan v. Spruce Co.,* 180 N. C., 636, where other authorities are cited. It is there held that an exception to the manner of stating contentions of the parties must be brought to the attention of the court by action taken promptly, and for the obvious purpose of having the omission, if there is one, corrected by the presiding judge at the time. There was no proper request to correct this oversight, if there was any, in the respect indicated.

2. The contention as to the absence of a motive for the assault was stated to the jury in such a way that they must have understood it. The State contended that there was a motive for committing the assault, and the defendant denied that there was any such motive, or any evidence of one, and the judge explained these contentions *pro* and *con* to the jury, stating both phases of it, and certainly allowed neither side any advantage in the statement. The jury could not well have misapprehended the court, and the defendant's rights were fully protected. He therefore suffered no harm.

3. The power of the court to set aside a verdict for cause after the adjournment is discussed in *S. v. Alphin,* 81 N. C., 566; *S. v. Bennett,* 93 N. C., 503; *S. v. Kinsauls,* 126 N. C., 1095. But we need not refer to this feature of the case any further and will assume, for the sake of argument, that we have possession of the cause sufficiently to grant relief if the appellant is entitled to any, and we think he is not. He seeks to set aside the verdict because of misbehavior of the jury, and proposes to impeach their verdict by their own affidavits. This is not allowable, as we have repeatedly decided in former cases, and his Honor, Judge

Daniels, so held, and was, of course, right in so deciding. *Justice Bynum* said, in *S. v. Smallwood,* 78 N. C., 560: "Misconduct on the part of the jury, to impeach their verdict must be shown by other testimony than their own. This has been long settled, and for the most convincing reasons, which will readily suggest themselves to all minds at all familiar with the administration of justice through the medium of trial by jury." Citing *S. v. McLeod,* 8 N. C., 344, where *Judge Henderson* said: "As to the misconduct of the jury, it has been long settled, and very properly, that evidence impeaching their verdict must not come from the jury, but must be shown by other testimony. We can, therefore, perceive no grounds for a new trial." In *S. v. Best,* 111 N. C., 638, much like this one, *Justice MacRae* stated the rule very strongly when he said: "To meet the earnest contention of the prisoner's counsel that the presiding judge, having permitted the affidavits to be filed, ought to have found the facts and spread them upon the record, it appears that the affidavit offered alleged, or was intended to allege, that the affiants had agreed to the verdict of guilty through mistake in their understanding of the effect of the verdict. In this event, as has been said above, the Supreme Court cannot correct errors committed by a jury; this is the province of the judge below, and therefore it was unnecessary for his Honor to find the facts upon the affidavits. But it might well be held that the affidavit, if we were at liberty to consider it, alleges misconduct upon the part of the five jurors making it, for if they were not satisfied by the evidence of the guilt of the prisoner, it was a gross wrong in them, for any consideration of personal inconvenience, to compromise with the other members of the jury and agree to a verdict of guilty, with a recommendation to mercy, in the hope that the life of the prisoner would be spared at the cost of a long imprisonment. If they were not satisfied of the prisoner's guilt, the only verdict they could conscientiously render would have been one of not guilty. And if the ground of the motion was the misconduct of the jurors, it should, as we have seen, have been based upon other testimony than the affidavits of the jurors who alleged their own misconduct, for they cannot be heard, and no facts could be found by the judge below upon their affidavit." And again: "We find ourselves concluded by the authority of an established and long-settled rule based upon the wisest reasons of public policy, that a juror should not be permitted to impeach his own conduct in the rendition of a verdict. The result of a departure from the old rule would unsettle other important principles, protract litigation, and weaken the public regard for the ancient and well-tried methods of trial by jury." It was deemed necessary to discuss this matter somewhat at length, with a citation of a few leading cases, in order to prevent infer-

ences from some of the general language used in *S. v. Fuller,* 114 N. C., 885, which we think are unwarranted, but which may lead to confusion and a correct understanding of the law in cases belonging to same class as this one. It would lead to very grave consequences if we should permit jurors to impeach their own verdict. It would render judicial trials unstable and soon undermine public confidence in the integrity of our courts and the justice of their decisions. In this respect, at least, we had better take heed of the ancient landmarks and follow the precedents so firmly established by those who have gone before us. The rule should be especially applicable to this case where the only witness upon whose testimony the State could possibly, or safely, rely is dead, and any decision must necessarily rest upon the impeachment of jurors alone. But it appears that what the jurors did has worked no substantial harm to the defendant. Language of the presiding judge much stronger and more emphatic than that which the jurors here supposed the judge had used, but which he did not use, was held by this Court, in a former case, not to impair the verdict. *Osborne v. Wilkes,* 108 N. C., 651. But the decisive test is that some of the jurors are attempting to impeach their own verdict, and to state the mental process by which they reached their verdict.

No error.

PER CURIAM. The petition for a *certiorari* in this case is denied for the reason set forth in the opinion in this case on the merits.

Denied.