## JULIUS G. DEES v. R. H. LEE.

(Filed 22 March, 1922.)

**Appeal and Error—Instructions—Statement of Contentions—Objections and Exceptions—Expression of Opinion—Statutes.**

Exceptions to the statement of the contentions of the parties by the trial judge in his charge to the jury, should be taken at the time, or at its conclusion, so as to afford him an opportunity to correct it, and the position of the appellant taken thereafter that it was done in such manner as an expression of opinion adverse to him, is untenable on this appeal from the facts appearing of record.

APPEAL by defendant from *Lyon, J.,* at November Term, 1921, of PAMLICO.

Civil action to recover damages for an alleged breach of contract to sell land.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did the plaintiff and defendant contract, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did plaintiff and defendant rescind said contract? Answer: 'No.'

"3. If so, has plaintiff been at all times ready, able, and willing to perform the contract on his part? Answer: 'Yes.'

"4. Did defendant wrongfully breach the contract, as alleged in the complaint? Answer: 'Yes.'

"5. What damage, if any, is plaintiff entitled to recover? Answer: '$400.'"

Judgment on the verdict in favor of plaintiff, from which the defendant appealed.

*D. L. Ward and F. C. Brinson for plaintiff.*
*Z. V. Rawls for defendant.*

STACY, J. Three of the four exceptions appearing on the record are directed to portions of his Honor's charge, in which he undertakes to state the contentions of the parties. Defendant says the contentions of the plaintiff were stated in such a manner as to amount to an expression of opinion from the court. We have examined the charge with a view of determining whether the defendant could have been prejudiced in any degree by the method or form in which the contentions were given, but we have found nothing upon which to base any criticism. The charge as a whole seems to have been fair, impartial, and free from error. Furthermore, these exceptions come within the well settled rule

that objections to the statement of contentions must be made at some appropriate time during the charge, or at its conclusion, so that the trial court may be given an opportunity to correct any error in the respect indicated. *S. v. Hall,* 181 N. C., 527; *McMahan v. Spruce Co.,* 180 N. C., 636, and cases there cited.

The other exceptions are without special merit, and must be overruled. We have discovered no sufficient reason for disturbing the verdict and judgment.

No error.