## STATE v. AMOS JESSUP.

(Filed 21 May, 1941.)

**1. Criminal Law § 53e—**

The portion of the charge devoted to reviewing the evidence for the State cannot be held for error as an expression of opinion that certain facts were fully proven when it appears that the court categorically indicated to the jury that it was then engaged in reviewing the State's evidence. C. S., 564.

**2. Criminal Law § 53h—**

The charge of the court will be construed as a whole, and segregated clauses and sentences may not be taken from their setting to make it appear that the court expressed an opinion upon the weight and credibility of the evidence when the charge read contextually is free from this objection.

**3. Criminal Law § 53e—**

The court's capitulation of the evidence and statement of the contentions of the State cannot be held for error as expressing an opinion on the merits of the case when any apparent prejudicial or harmful effect is due to the strength of the State's case and not to any partiality on the part of the court.

**4. Same—**

Where the defendant offers no evidence, the fact that the court necessarily consumes more time in reviewing the evidence for the State and in stating its contentions than it does in stating the contentions of the defendant, cannot be held for error.

**5. Criminal Law § 53f—**

If a defendant considers that the court failed to give fully and accurately the contentions made by him, or if he desires any amplification thereof, it is his duty to call the court's attention thereto at the time.

APPEAL by defendant from *Williams, J.,* at January Term, 1941, of BLADEN. No error.

Criminal action tried on bill of indictment charging the defendant with the crime of seduction.

The evidence offered by the State tended to show that the prosecutrix was, at the time charged in the bill, 19 years of age; that the defendant was a man 37 years of age; that the defendant paid court to the prosecutrix for more than 3 years; that he took her to numerous public places; that he gave her several presents and gifts; that he promised to marry her and that they became engaged; that she submitted to his embraces because of his promise of marriage and because she trusted him; that as a result of the seduction she became pregnant and gave birth to his child; that upon learning of her pregnancy he expressed his regret, stat-

ing that they would make the best of it and he would see her through; that she purchased her wedding clothes; that they agreed to be married 28 August, 1939; that they went to get a blood test and at the time the defendant stated to the doctor that they were applying for a marriage license; that he told prosecutrix that he had been to Whiteville to obtain a marriage license but was unable to do so because he had no birth certificate and no proof of the age of the prosecutrix; that prosecutrix obtained the birth certificate for him; that they made plans for the building of a home; that the defendant did not appear on the date set for the marriage and the prosecutrix did not thereafter see him until the preliminary hearing. There was also evidence tending to show that the prosecutrix was an innocent and virtuous woman and that at the time the warrant was issued the defendant could not be found in Bladen County.

The defendant offered no evidence.

The jury returned a verdict of guilty. From judgment pronounced on the verdict defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*L. J. Britt and McLean & Stacy for defendant, appellant.*

BARNHILL, J. The record contains 47 exceptions, of which 45 are directed to alleged error in the charge and two are formal. All of them are directed to the contention of the defendant that the charge as a whole constitutes an expression of opinion on the facts, contrary to C. S., 564.

A careful examination of the charge discloses that the court undertook to and did "state in a plain and correct manner" the evidence in the case. It then stated the contentions of the State, based on the evidence, a recapitulation or synopsis of which it had given. This was followed by a statement of the contentions of the defendant. The court then correctly and clearly applied the law of the case to the evidence, properly placing the burden upon the State and requiring the jury not only to find, before returning a verdict of guilty, that they were satisfied beyond a reasonable doubt of his guilt, but to also find that there was independent supporting evidence of every essential element of the crime as defined by the court. The judge went even further than the statute requires in charging "and the burden is upon the State to satisfy you beyond a reasonable doubt by independent facts and circumstances that each and every element of the offense has been established . . ." This is a heavier burden upon the State than the law imposes.

The defendant complains, first, that the court, in detailing the evidence, expressed an opinion that certain facts were fully proven. This contention cannot be sustained. In reviewing the evidence the court

clearly indicated that it was so doing by making reference to the witness and then detailing the substance of his testimony. A careful examination of the charge discloses that when it is considered as a whole the court below carefully followed the requirements of C. S., 564, in stating the evidence in a plain and correct manner. The defendant is not permitted to segregate clauses or sentences thereof which, when considered alone, unrelated to the charge as a whole, make it appear that the judge was indicating his own personal opinion in respect to 'the weight and sufficiency of the evidence. For numerous authorities see 18 N. C. Digest, Trial, pp. 134-36.

The defendant then contends that the charge of the court constitutes "a powerful summing up of the whole argument for the State" which amounted to a clear indication of an opinion on his part as to the merits of the case. We can find nothing in the charge to sustain this contention. If the recapitulation of the evidence and the statement of the contentions made by the State arising thereon seem to be prejudicial or harmful to the defendant it is due to the convincing nature of the testimony offered and not to the conduct of the judge who, with commendable accuracy, followed the requirements of the statute. This type of prejudicial effect gives the defendant no cause to complain. He did not elect to undertake to refute any of the evidence offered by the State. It was amply sufficient to support the verdict. He must abide the result.

The defendant likewise asserts that there was prejudicial error in that the court consumed considerably more time in stating the contentions for the State than it did in stating the contentions of the defendant. This contention is untenable. The burden was on the State. It had to offer evidence tending to show the seduction and it was required further to offer testimony, independent of that of the prosecutrix, tending to support every essential element of the crime. On the other hand, the defendant offered no evidence. His defense revolved around the contentions: (1) that the evidence offered by the State was not credible and should not be accepted and believed by the jury; (2) that the evidence, independent of that of the prosecutrix, was not worthy of belief and did not tend to support the evidence of the prosecutrix in respect to the essential elements of the crime; and (3) that even if believed and accepted by the jury, the testimony as a whole was insufficient to show beyond a reasonable doubt that the defendant had committed the crime with which he stood charged. Under such circumstances, considering that the burden was on the State and the defendant offered no evidence, it was inevitable that the court should consume more time in reviewing the evidence and in outlining the contentions for the State than it did in stating the contentions of the defendant. We find nothing in the charge to indicate that the court acted otherwise than in a fair and impartial manner.

If the defendant considered that the court had failed to give fully and accurately the contentions made by him, or if he desired any amplification thereof, it was his duty to call the court's attention thereto at the time. *S. v. Blackwell,* 162 N. C., 672, 78 S. E., 310; *S. v. Wade,* 169 N. C., 306, 84 S. E., 768; *S. v. Burton,* 172 N. C., 939, 90 S. E., 561; *S. v. Martin,* 173 N. C., 808, 92 S. E., 597; *S. v. Hall,* 181 N. C., 527, 106 S. E., 483; *S. v. Jones,* 213 N. C., 640, 197 S. E., 152.

In the trial below we find

No error.