## STATE v. JOHN BYNUM STINSON.

(Filed 16 June, 1966.)

**1. Criminal Law § 86—**

A motion for a continuance is directed to the sound discretion of the trial court, and no abuse of discretion is disclosed by the fact that the motion was made upon defendant's contention that two of his relatives were then under charge for criminal offenses and that the publicity incident thereto would prevent a fair trial.

**2. Burglary § 4;  Larceny § 7—**

In this prosecution for breaking and larceny, the evidence is held sufficient to be submitted to the jury, and therefore the denial of defendant's motion for a directed verdict was not error.

MOORE, J., not sitting.

ON *certiorari* to review judgment entered by *Braswell, J.,* June, 1965 Session, ALAMANCE Superior Court.

This criminal prosecution originated by Superior Court indictment charging (1) the felonious breaking and entering a building occupied by C. W. Morris; and (2) the larceny of his property as follows: cigarettes; Two Dollars in pennies; 4 boxes 12-guage shotgun shells; 4 boxes 16-guage shotgun shells; 2 boxes 20-guage shotgun shells; and 50 ball point pens of the value of $75.00.

The defendant, through counsel of his own selection, announced his readiness for trial and entered a plea of not guilty. After the selection of the jury, the defendant "moved for a continuance . . . on the grounds his uncle . . . was in jail charged with murder, and a brother . . . was charged with larceny of an automobile and assault, and that the publicity given to the crimes committed by these two relatives would prevent . . . a fair trial." The court overruled the motion.

The State introduced evidence of the breaking, the description of the articles missing, the defendant's admission to the investigating officer before his arrest that he had participated in the breaking and the theft. When this admission was first offered, the court conducted inquiry in the absence of the jury and ascertained the admissions were competent and voluntarily made, and permitted their introduction in evidence. At the conclusion of the State's testimony and the court's charge, the jury returned a verdict of guilty of breaking and larceny. The court imposed a judgment of five years in prison. The defendant gave notice of appeal but failed to perfect it within the time allowed. We granted *certiorari.*

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*
*Lee W. Settle, John D. Xanthos for defendant appellant.*

PER CURIAM. We have carefully examined the defendant's assignments of error and find them without merit. The motion for continuance was addressed to the discretion of the court. The motion for a directed verdict was properly denied. The court's charge presented fairly the burden the law required the State to carry before the jury could render a verdict of guilty on either of the charges. Error in the trial or reason why the verdict and judgment should be disturbed are not disclosed.

No error.

MOORE, J., not sitting.