STATE OF NORTH CAROLINA v. WILLIAM FISHER CRUTCHFIELD

No. 6926SC301

(Filed 13 August 1969)

1. **Constitutional Law § 31;    Criminal Law § 91—    motion for continuance — scope of review**

    2. **Criminal Law § 167—    appeal — burden to show prejudicial error**

    Regardless of whether defendant bases his appeal upon an error of law or an abuse of discretion, to be entitled to a new trial he must show not only error but prejudicial error.

3. **Constitutional Law § 31;    Criminal Law § 91—    motion for continuance — illness of counsel**

    Defendant was not prejudiced by trial court's denial of his motion for continuance made on day preceeding trial on basis of a letter from defense counsel's doctor that counsel was ill and would be severely handicapped in a trial because of his condition, where the doctor's letter gave no description of the ailment and where the record reveals that counsel on the trial conducted extensive cross-examinations of the State's witnesses and in other respects provided defendant with vigorous and competent representation.

STATE v. CRUTCHFIELD

**4. Automobiles § 131— hit-and-run driving — warrant — allegations of property and ownership**

In prosecution under G.S. 20-166(b) charging defendant with failing to stop his automobile after an accident resulting in property damage, the fact that the warrant failed to set out any description of the property damaged other than the word automobile and failed to state the name of the owner is not fatal.

**5. Automobiles § 131— hit-and-run driving — personal injury — sufficiency of evidence**

In prosecution charging defendant with failing to stop his automobile after a collision with a police car resulting in personal injury, evidence of bodily injuries received by the police officers was sufficient to be submitted to the jury.

**6. Criminal Law § 114— instructions — recapitulation of evidence — length of charge — expression of opinion**

Fact that trial court's recapitulation of the State's evidence consisted of six pages in the transcript as compared to two pages for defendant's evidence does not constitute an expression of opinion on the evidence, since the State had the burden of proof and since the testimony of the State's witnesses was considerably more lengthy than that of the defense witnesses. G.S. 1-180.

**7. Automobiles § 131— hit-and-run driving — element of offense**

Personal injury or death is a necessary element of the offense of failure to stop a motor vehicle involved in an accident or collision resulting in injury or death to any person. G.S. 20-166(a).

**8. Automobiles § 131— hit-and-run driving — failure to define "personal injury"**

Failure of trial court to define "personal injury" in prosecution under G.S. 20-166(a) was not error.

APPEAL by defendant from *Falls, J.,* at the 2 December 1968 Schedule "A" Criminal Session of MECKLENBURG Superior Court.

Defendant was charged in four warrants and one bill of indictment with committing the following offenses around midnight on 15 August 1968: (1) failing to stop after the automobile he was operating was involved in a collision causing property damage; (2) speeding in excess of 65 mph in the City of Charlotte; (3) reckless driving; (4) failing to heed a police blue light and siren; and (5) (bill of indictment) failing to stop the automobile he was operating after a collision resulting in injury to Police Officers Brown and Freeman and failing to give name, address, license number, render aid, etc.— a felony.

Trial was by jury and defendant was found guilty as charged in the four warrants and bill of indictment aforementioned. In the hit-

and-run case involving property damage (68-CR-77), defendant was given a twelve-month prison sentence; in the felony indictment (68-CR-79), defendant was given a two-year prison sentence to begin at expiration of sentence in 68-CR-77; in the speeding case he was given a thirty-day prison sentence, in the reckless driving case, a ninety-day prison sentence, and in the failure to heed siren case, a thirty-day prison sentence, these three sentences to run .concurrently with the two-year sentence imposed in 68-CR-79. From judgments imposing said sentences, defendant appealed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Peter A. Foley for defendant appellant.*

BRITT, J.

Defendant assigns as error the failure of the trial court to grant his motion for postponement of the trial due to illness of defendant's attorney.

At his trial in superior court, defendant was represented by Attorney Joe L. Kirkley. The record discloses that during the calling of the calendar on the day preceding the trial, Mr. Kirkley handed the court a written motion for postponement and a letter for a Dr. Phelps stating that Attorney Kirkley was under his care and in the doctor's opinion Mr. Kirkley "would be unable to attend his normal duties and would be severely handicapped because of his condition in a trial." The judge denied the motion. Defendant contends that the court's denial of his motion to postpone the case in effect deprived him of his constitutional right to counsel as guaranteed by Article I, section 2 (sic) of the North Carolina Constitution and by Amendment XIV of the United States Constitution.

[1-3] Ordinarily, a motion for continuance is addressed to the sound discretion of the trial judge and his ruling thereon is not subject to review on appeal except in a case of manifest abuse. *State v. Creech,* 229 N.C. 662, 51 S.E. 2d 348. However, when the motion is based on a right guaranteed by the Federal and State Constitutions, the question presented is one of law and the order of the court is reviewable. *State v. Phillip,* 261 N.C. 263, 134 S.E. 2d 386; *State v. Lane,* 258 N.C. 349, 128 S.E. 2d 389. Regardless of whether the defendant bases his appeal upon an error of law or an abuse of discretion, it is elementary that to entitle him to a new trial he must show not only error but prejudicial error. *State v. Phillip, supra.* Defendant has shown neither in this case. Defendant's written motion re-

ferred to in the record is not set forth in the record, therefore, we do not have the benefit of the information contained in that document. Dr. Phelps' letter gives no description of counsel's ailment, therefore, we are unable to say if it was the type of physical difficulty that might hamper the attorney in the trial of the case. Furthermore, a review of the record, including the transcript of the testimony, reveals that defendant's trial attorney conducted extensive cross-examinations of the State's witnesses and in other respects provided defendant with vigorous and competent representation. The assignment of error is overruled.

In his next assignment of error, defendant contends that the trial court erred in denying his motions for judgment as of nonsuit and in arrest of judgment, and particularly as to case No. 68-CR-77 charging hit and run involving property damage and case No. 68-CR-79 charging hit and run involving personal injury.

[4] He argues that the warrant in 68-CR-77 charged a violation of G.S. 20-166(b) but that the warrant fails to set out any description of the property damaged other than the word automobile and fails to state the name of the owner of the property alleged to have been damaged. G.S. 15-153 provides that "[e]very criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment."

Defendant presents no authority, and we are unable to find any, for his contention that a warrant charging a violation of G.S. 20-166(b) must provide a description of the property damaged and the name of the owner. We hold that the warrant was sufficient.

[5] As to the bill of indictment charging failure to stop after involvement in a collision resulting in personal injury, defendant argues that the State failed to offer evidence as to any personal injury. We disagree. Sergeant Glenn of the Charlotte Police Department testified that Officers Brown and Freeman were injured in the collision between the police car they were operating and defendant's car. He testified that he saw "* * * no blood or anything like that, but both of them were barely moving. They complained of back and neck injuries, etc., couldn't hardly stand up really." Officer Brown testified that "it (the collision) injured my back, my neck and left knee." He further testified that he went to the hospital the

night of the collision for examination and x-rays; that two days later he consulted a physician and was given shots to ease his pain and was given physical therapy. Officer Freeman testified that he went to the hospital the night of the collision, was examined, and that thereafter he consulted a physician who treated him for pain and back injury. The evidence was fully sufficient to be submitted to the jury on the question of bodily injury received by Officers Brown and Freeman in the collision. The assignment of error relating to denial of the defendant's motions for judgment as of nonsuit and arrest of judgment are overruled.

[6]    In his third assignment of error, defendant contends that the trial court in its charge to the jury violated G.S. 1-180 in that in summarizing the evidence the court did not give equal weight to the defendant's evidence. Defendant points out that the transcript discloses that the court's recapitulation of the State's evidence consists of some six pages as compared to two pages for the defendant.

In *State v. Cureton*, 218 N.C. 491, 11 S.E. 2d 469, the court held that where the State had a number of witnesses and only the defendant testified for the defense, the fact that the trial court necessarily consumed more time in outlining the evidence for the State than that of the defendant did not support defendant's contention that the court expressed an opinion upon the facts by laying undue emphasis on the contentions of the State. In the instant case, the testimony of the State's witnesses was considerably more lengthy than that of the defense witnesses; furthermore, the State had the burden of proof. We have carefully considered the charge relative to the recapitulation of the evidence for the State and the defendant and conclude there was no undue emphasis on the testimony or contentions of the State. The assignment of error is overruled.

[7, 8]    Finally, defendant contends that the trial court erred with regard to the felony charge by failing, in its charge to the jury, to define "personal injury." Although personal injury or death is a necessary element of the offense envisioned by G.S. 20-166(a), we do not think a definition of "personal injury" was required under the facts in this case. The assignment of error is overruled.

Having fully considered each of the assignments of error brought forward and discussed in defendant's brief and finding them without merit, we conclude that the defendant received a fair trial, free from prejudicial error, and the sentences imposed were within statutory limits.

No error.

MALLARD, C.J., and PARKER, J., concur.