STATE OF NORTH CAROLINA v. THURMAN McKINNEY

No. 718SC553

(Filed 15 December 1971)

1. **Criminal Law § 89— corroborative testimony**

     In this armed robbery prosecution, testimony by a State's witness
that a prior witness had told him at the crime scene "that the defendant was down there getting into a car" was properly admitted for
the purpose of corroborating the testimony of the prior witness, the
question of whether the testimony actually corroborated the prior
witness being properly left to the jury.

2. **Criminal Law § 33; Evidence § 35— statement made as part of res
gestae**

     Statement made by a witness contemporaneously with defendant's
escape from the scene of the crime that defendant was getting into
a waiting car was competent as part of the *res gestae*.

APPEAL by defendant from *Cohoon, Judge*, 13 April 1971
Session of Superior Court held in WAYNE County.

Defendant was charged in a bill of indictment with feloniously taking $373 from the presence of Christine Holloman
with the use and threatened use of a .22-caliber pistol.

The State offered evidence tending to show the following:
In the early morning of 31 December 1970 defendant entered a
store operated by Mrs. Christine Holloman and purchased a
coke and cookie. Mabel Coley was a customer in the store at
the time. When Mrs. Coley left the store, defendant grabbed
Mrs. Holloman, pulled a pistol, and told her to give him her

money. Mrs. Holloman escaped and ran to the house trailer back of the store where she told her son, Jesse Paul Holloman, what was happening. Defendant ran from the store with a money box containing $370 and got into a car being operated by another person. Mrs. Holloman's son followed in his car and succeeded in stopping the car in which defendant was riding about a mile down the road. Defendant jumped from the car and escaped into the woods. He was later apprehended and identified.

Defendant offered no evidence.

The court submitted to the jury only the issue of defendant's guilt of the lesser included offense of larceny of property of a value in excess of $200. The jury returned a verdict of guilty and judgment was entered on the verdict imposing an active prison sentence of ten years.

*Attorney General Morgan by Associate Attorney Earnhardt for the State.*

*W. Dortch Langston for defendant appellant.*

GRAHAM, Judge.

Defendant has expressly abandoned his assignment of error based upon exceptions to the court's refusal to allow his motions for judgment of nonsuit. His remaining assignments of error challenge the admission of certain testimony admitted for corroborative purposes, and a mention of this testimony by the trial judge in summarizing the evidence in his charge to the jury.

[1] The challenged testimony is a statement by the State's witness Jesse Paul Holloman that "I got in my car and drove out to the road and Mabel Coley told me that the defendant was down there getting in the car." Mabel Coley had previously testified; however, defendant contends that Holloman's statement did not corroborate any of her testimony and that it should have been excluded as hearsay evidence. The court instructed the jury to consider the statement only as corroborative evidence, if they found that it did corroborate. Thus, the question of whether the statement actually corroborated the testimony of Mabel Coley was properly left to the jury. We see no error in the admission of the statement as corroborative evidence.

[2] Moreover, the statement complained of was competent as substantive evidence since it was part of the *res gestae*. " 'Exclamations or declarations spontaneously evolved by the event and relevant to the inquiry are a part of the *res gestae,* and testimony thereof is competent as an exception to the hearsay rule.' 3 Strong, N.C. Index 2d, Evidence § 35, and cases cited." *State v. Goines,* 273 N.C. 509, 513, 160 S.E. 2d 469, 472.

The evidence indicates that Mrs. Coley saw defendant run from the store toward the waiting car, heard Mrs. Holloman calling excitedly to her son, and saw Mr. Holloman run toward his car. Mrs. Coley's statement to Mr. Holloman that defendant was getting in the waiting car was clearly a natural and spontaneous utterance, prompted by the excitement of the moment, and made contemporaneously with the defendant's escape from the scene of the alleged offense. As such, the statement was admissible.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.