State v. Privette

---

===

STATE OF NORTH CAROLINA v. J. W. PRIVETTE

No. 7320SC625

(Filed 12 September 1973)

Criminal Law § 91— motion to continue unsupported by affidavits — denial of motion — no error

Defendant failed to show that the trial court abused its discretion in denying his motion to continue or that he was prejudiced thereby where his motion was not supported by affidavits showing what efforts, if any, had been made to secure the presence of witnesses or showing why defendant had not conferred more with his attorney between the time of his appointment and the time of trial.

APPEAL by defendant from *McConnell, Judge,* 30 April 1973 Session of Superior Court held in UNION County.

Defendant was charged in a bill of indictment, proper in form, with the armed robbery of fifty-five dollars ($55.00) from Mrs. Edna McCain, the operator of a small store.

State v. Privette

Defendant pleaded not guilty and was found guilty as charged. From a judgment imposing a sentence of twenty to twenty-five years, defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Emerson D. Wall for the State.*

*Clark, Huffman & Griffin by Bobby H. Griffin for defendant appellant.*

HEDRICK, Judge.

Defendant was arrested on 15 March 1973 and was afforded a preliminary hearing on 10 April 1973, at which time counsel was appointed to represent him. Probable cause was found and defendant was bound over for trial at the next Session of Superior Court. The case was called for trial on 30 April 1973. Prior to pleading, defendant made a motion to continue on the grounds that: (1) Three of his witnesses were out of state and not available to testify and if present these witnesses would testify that defendant was not present in North Carolina at the time the crime was allegedly committed; and (2) Defendant had only one occasion to discuss these matters with his court appointed counsel.

Defendant's sole assignment of error is that the court erred in denying his motion to continue. A motion to continue is directed to the sound discretion of the trial court, *State v. Stinson*, 267 N.C. 661, 148 S.E. 2d 593 (1966) ; *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1971) ; and such motion should not be granted unless the reasons therefor are fully established, *State v. Stepney, supra.*

Defendant's motion to continue was not supported by affidavits showing what efforts, if any, had been made to secure the presence of witnesses, nor does the record disclose why the defendant had not conferred with his attorney more during the interval between 10 April and 30 April 1973. In short, defendant has failed to show that the trial judge abused his discretion in denying the motion to continue or that he was prejudiced thereby.

Defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and VAUGHN concur.