STATE OF NORTH CAROLINA v. DOUGLAS WILLIAM MURRAY

No. 7410SC245

(Filed 5 June 1974)

1. Criminal Law §§ 112, 118— instructions — reasonable doubt — circumstantial evidence — contentions — failure to request additional instructions

The trial court did not err in failing to define reasonable doubt or in failing to give more detailed instructions on circumstantial evidence or a fuller statement of defendant's contentions where defendant made no request for such instructions.

2. Criminal Law § 114— instructions on contentions — length — equal stress

Although the court spent more time summarizing the State's evidence than the evidence for defendant, the court did not overemphasize the State's case since the State presented considerably more evidence.

3. Criminal Law § 66— in-court identification — pretrial photographic identification

In-court identification of defendant was properly admitted where the trial court found upon supporting *voir dire* evidence that the witness's pretrial photographic identification of defendant was not the result of unduly suggestive police procedures.

4. Criminal Law § 73; Evidence § 35— spontaneous utterances — opportunity to discuss incident

Statement made by the owner of a grill to an officer that defendant had stolen money from the cash register while she was in the back of the grill for three or four minutes was not a spontaneous utterance admissible as substantive evidence where the statement was made some time after she discovered the money was missing from the cash register and before making the statement the owner had a chance to discuss the incident with a deliveryman, a customer and the policeman whom she telephoned.

5. Criminal Law § 88— cross-examination — exclusion of repetitious testimony

Defendant was not prejudiced by the exclusion of questions asked an officer on cross-examination as to a description of defendant given by the victim where another officer had testified about this description and the questions merely duplicated the other officer's previous testimony.

6. Criminal Law § 86— prior convictions — cross-examination of defendant

The solicitor properly asked defendant on cross-examination about specific prior convictions and whether he had been convicted of anything else.

7. Larceny § 8— felonious larceny — failure to submit simple larceny

The trial court in a prosecution for felonious larceny did not err in failing to instruct the jury on the lesser included offense of simple

larceny where all the substantive evidence tended to show a larceny resulting from a breaking and entering.

**8. Burglary and Unlawful Breakings § 5; Larceny § 7— breaking and entering — larceny — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for breaking and entering a restaurant and larceny of money therefrom where it tended to show that money was stolen from the cash register, that defendant was the only customer who had been in the restaurant on the morning when the theft occurred, that the owner closed the restaurant, latched the back screen door and locked the front door, that a witness thereafter observed defendant enter the restaurant through the back screen door, and that the back screen door latch had been broken.

APPEAL by defendants from *Winner, Judge,* 5 November 1973 Session of Superior Court held in WAKE County.

Defendant was tried for felonious breaking or entering and felonious larceny.

The State's witness, Mrs. Mary Charles, testified that she is the owner of a restaurant in Raleigh known as the Roast Grill. On the morning of 21 May 1973 defendant was the only customer in the restaurant. Mrs. Charles decided to close the restaurant for the morning, and she and defendant went out the front door. When she left, she latched the screen door at the back of the restaurant and locked the front door. Ten or twenty minutes later, a man came to the restaurant to deliver bread. Mrs. Charles reopened the restaurant and went to the cash register to pay him. She found that all the bills had been taken from the cash register, so that only the change was left. She reported the theft to the police.

Robert Miller, a Raleigh policeman, testified that he went to the Roast Grill on the morning of 21 May 1973 in response to a call from Mrs. Charles. Mrs. Charles told him that someone had stolen the money from her cash register. Miller observed the screen door at the back of the restaurant and saw that the latch was broken. The latch operated by means of a hook which was screwed into the door, and when Miller saw the door, the hook and screw had been pulled out.

Mrs. Nitisa Partsakoulokis testified that she lives in the building where the Roast Grill is located. On 21 May 1973 she saw defendant at the back door of the restaurant. He gave the screen door "one good, hard jolt" and then opened it and walked in.

John Beasley, a Raleigh policeman, testified that he showed Mrs. Partsakoulokis a group of photographs, including one of defendant, and that she picked out defendant as the man who broke into the Roast Grill.

Defendant objected to Mrs. Partsakoulokis' testimony identifying defendant as the man who broke into the grill, and also to Officer Beasley's identification testimony. Before this testimony was received, the court held a voir dire hearing, and at the conclusion of the hearing the court found as a fact that the identification procedures used by the police were proper and were free from undue suggestiveness.

Defendant testified that on 21 May 1973 he went to the Roast Grill and ordered a beer, and when Mrs. Charles closed the restaurant he left and went to his brother's house. He did not break into the Roast Grill or steal any money from the cash register.

The jury found defendant guilty as charged, and he was sentenced to a prison term of 8 to 10 years. He appealed to this Court.

*Attorney General Morgan, by Assistant Attorney General Eugene A. Smith, for the State.*

*Bailey, Dixon, Wooten, McDonald & Fountain, by Wright T. Dixon, Jr., for defendant appellant.*

BALEY, Judge.

[1] Defendant has brought forward a number of assignments of error relating to the court's charge. He contends that the court did not instruct the jury adequately on circumstantial evidence and did not define reasonable doubt. In addition, he argues, the court did not set forth his contentions in sufficient detail. However, defendant did not request an instruction defining reasonable doubt, and he did not ask for a more detailed charge on circumstantial evidence or a fuller statement of his contentions. " 'Where the charge fully instructs the jury on all substantive features of the case, defines and applies the law thereto, and states the contention of the parties, it complies with G.S. 1-180, and a party desiring further elaboration on a particular point, or of his contentions, or a charge on a subordinate feature of the case, must aptly tender request for special instruction.' " *State v. Hunt,* 283 N.C. 617, 623, 197 S.E. 2d

513, 517. In the absence of a request from the defendant, the court is not required to define reasonable doubt, *State v. Ingland,* 278 N.C. 42, 178 S.E. 2d 577; *State v. Browder,* 252 N.C. 35, 112 S.E. 2d 728; *State v. Ammons,* 204 N.C. 753, 169 S.E. 631, or to discuss the significance of circumstantial evidence. *State v. Flynn,* 230 N.C. 293, 52 S.E. 2d 791; *State v. Warren,* 228 N.C. 22, 44 S.E. 2d 207; *State v. Shoup,* 226 N.C. 69, 36 S.E. 2d 697. Likewise, a defendant who desires a more detailed statement of his contentions must request it from the court. *State v. Rankin,* 284 N.C. 219, 200 S.E. 2d 182; *State v. Hunt, supra; State v. Shumaker,* 251 N.C. 678, 111 S.E. 2d 878.

[2] Defendant contends that in summarizing the evidence, the court overemphasized the State's case and spent too little time on his own evidence. This contention is without merit; the court fairly and accurately set forth the most important testimony offered by each side. It is true that the court spent more time summarizing the State's evidence than the evidence for defendant, but this was to be expected since the State presented considerably more evidence. *State v. Jessup,* 219 N.C. 620, 14 S.E. 2d 668; *State v. Crutchfield,* 5 N.C. App. 586, 169 S.E. 2d 43.

[3] Defendant strongly asserts that the court erred in admitting the testimony of Mrs. Partsakoulokis in which she identified defendant as the man who entered the Roast Grill through the back screen door. However, the trial judge held a very thorough voir dire hearing on the admissibility of this evidence, and he issued findings of fact stating that the identification testimony had not been obtained by means of unduly suggestive police procedures. These findings of fact are amply supported by the evidence. "When the admissibility of in-court identification testimony is challenged on the ground it is tainted by out-of-court identification(s) made under constitutionally impermissible circumstances, the trial judge must make findings as to the background facts to determine whether the proffered testimony meets the tests of admissibilitiy. When the facts so found are supported by competent evidence, they are conclusive on appellate courts." *State v. Tuggle,* 284 N.C. 515, 520, 201 S.E. 2d 884, 887; *State v. McVay,* 277 N.C. 410, 417, 177 S.E. 2d 874, 878.

[4] Officer Robert Miller testified that when he arrived at the Roast Grill on the morning of 21 May 1973, Mrs. Charles told him that defendant had stolen the money from the cash

State v. Murray

register while she was in the back of the restaurant for three or four minutes. The court instructed the jury not to consider this testimony as substantive evidence, but only for corroborative purposes. Since no other witness gave similar evidence, this was in effect an instruction to ignore the testimony. Defendant contends that this instruction was erroneous, and that Miller's testimony was admissible as substantive evidence. It is well established that "[w]hen a startling or unusual incident occurs, the exclamations of a participant or bystander concerning the incident, made spontaneously and without time for reflection or fabrication, are admissible." 1 Stansbury, N. C. Evidence (Brandis rev.), § 164, at 554; *accord, State v. Cox,* 271 N.C. N.C. 579, 157 S.E. 2d 142; *Hargett v. Ins. Co.,* 258 N.C. 10, 128 S.E. 2d 26; *State v. McKinney,* 13 N.C. App. 214, 184 S.E. 2d 897. Such exclamations must be entirely spontaneous, however; they must be made contemporaneously with the startling event, or within a very short time thereafter. *Gray v. Insurance Co.,* 254 N.C. 286, 118 S.E. 2d 909; *Johnson v. Meyer's Co.,* 246 N.C. 310, 98 S.E. 2d 315; *Coley v. Phillips,* 224 N.C. 618, 31 S.E. 2d 757. In the present case Mrs. Charles' statements to Officer Miller were made some time after she found the money missing from her cash register. Between the time when she discovered the theft and the time when Officer Miller arrived, she had a chance to discuss the incident with the man who delivered the bread, with a customer outside the restaurant, and with the policeman whom she telephoned. During this interval, she had sufficient time for thought and reflection. Therefore, her statements to Officer Miller cannot be considered spontaneous, and the court acted properly in refusing to admit them as substantive evidence.

[5] When Officer Miller went to the Roast Grill on May 21, Mrs. Charles gave him a description of defendant, and Miller testified about this description at the trial. While cross-examining Officer Beasley, counsel for defendant questioned him about this description. No prejudicial error is shown in excluding these questions, because they merely duplicated Miller's testimony. " 'The limits of legitimate cross-examination are largely within the discretion of the trial judge,' " and he may exclude questions which are purely repetitious. *State v. Chance,* 279 N.C. 643, 652, 185 S.E. 2d 227, 233, *vacated and remanded on other grounds,* 408 U.S. 940; *see State v. Robinson,* 280 N.C. 718, 187 S.E. 2d 20; 1 Stansbury, *supra,* § 35, at 108.

[6]  When defendant testified, the Solicitor cross-examined him concerning his criminal record. He first asked defendant about a number of specific convictions, and then asked: "Is there anything else you've been convicted of?" These questions were proper, and the court did not err in allowing them. A criminal defendant, like any other witness, may be cross-examined about prior criminal convictions. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874; *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174.

[7]  Defendant contends that the court erred in failing to instruct the jury on simple larceny, a lesser included offense of felonious larceny. If Mrs. Charles' original statement that defendant stole her money while she was at the back of the restaurant had been admissible as substantive evidence, this contention would be correct. But since the court properly limited this testimony to corroborative purposes, there is no substantive evidence in the record showing that defendant was guilty of simple larceny. The court was therefore correct in refusing to charge on this offense. *State v. Duboise,* 279 N.C. 73, 181 S.E. 2d 393; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545; *State v. Lyles,* 19 N.C. App. 632, 199 S.E. 2d 699, *cert. denied and appeal dismissed,* 284 N.C. 426, 200 S.E. 2d 662.

[8]  Finally, defendant argues that his motion for nonsuit should have been granted. This argument cannot be accepted, for there is substantial evidence tending to show defendant's guilt. Mrs. Charles found that all the bills had been taken from her cash register. Defendant was the only customer who had been in the restaurant on the morning when the theft occurred. Mrs. Partsakoulokis observed defendant entering the restaurant through the back screen door, which Mrs. Charles had latched; and Officer Miller noticed that the screen door latch had been broken. Clearly the jury's verdict is supported by the evidence.

Defendant has been well represented by counsel and has received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.