STATE OF NORTH CAROLINA v. JAMES EMANUEL CARTER

No. 7511SC22

(Filed 21 May 1975)

**Homicide § 30— failure to submit involuntary manslaughter**

The trial court in a homicide case did not err in failing to submit to the jury an issue of involuntary manslaughter where all the evidence tended to show that defendant intentionally shot the victim and defendant contended he acted in self-defense.

APPEAL by defendant from *Chess, Judge*. Judgment entered 17 October 1974 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 18 March 1975.

Defendant was tried upon an indictment charging him with the murder of James Coleman. When the case was called for trial, the District Attorney announced that the State would ask for a verdict of guilty of murder in the second degree or manslaughter as the evidence might warrant.

The State's evidence tended to show the following. On 7 August 1974, Coleman was in the mess hall at J. N. Johnson Labor Camp. Coleman had engaged in an argument with Lucious Brown, one of the workers at the camp. Defendant entered the mess hall and walked up to Coleman, who was standing by the jukebox. Defendant talked to Coleman about threats Coleman had made. Following a verbal exchange between Coleman and defendant, defendant fired a shot into the floor. He then fired a second shot which entered Coleman's upper left chest, causing his death. Defendant was approximately six to eight feet from the deceased when he fired the fatal shot. After he shot Coleman defendant said, "I didn't mean to shoot that high, I meant to hit him in the leg."

Defendant contended that he acted in self-defense. He testified that Coleman turned towards him with an open knife in his hand, and defendant fired a shot into the floor. Then Coleman leaped towards him and defendant fired the second shot. Defendant testified that "I did not intend to kill him. I was just trying to stop him because he was just about to get on me with that knife to stab me."

The jury found defendant guilty of voluntary manslaughter and judgment imposing a prison sentence was entered.

*Attorney General Edmisten, by Assistant Attorney General Robert G. Webb, for the State.*

*T. Yates Dobson, Jr., for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court erred in failing to submit and instruct the jury on the lesser included offense of involuntary manslaughter.

> " 'Involuntary manslaughter is the unlawful killing of a human being, unintentionally and without malice, proximately resulting from the commission of an unlawful act not amounting to a felony, or resulting from some act done in an unlawful or culpably negligent manner, when fatal consequences were not improbable under all the facts existent at the time, or resulting from the culpably negligent omission to perform a legal duty.' 4 Strong, N. C. Index 2d, Homicide, § 6, p. 198; *State v. Lawson,* 6 N.C. App. 1, 169 S.E. 2d 265 (1969)." *State v. Dameron,* 15 N.C. App. 84, 88, 189 S.E. 2d 522, 524.

There is no evidence that the shooting of Mr. Coleman by defendant was unintentional. Nor is there evidence that it was the result of culpable negligence or misadventure. All the evidence tended to show that defendant did intentionally shoot the victim. The State presented evidence that defendant, after firing the fatal shot from a range of some six to eight feet away said, "I didn't mean to shoot that high, I meant to hit him in the leg." Defendant's own testimony disclosed that he did intend to shoot the victim in self-defense. Accordingly, the trial court correctly charged the jury and the appeal is without merit.

No error.

Judges MORRIS and CLARK concur.