State v. Norman

---

---

STATE OF NORTH CAROLINA v. JOHN HENRY NORMAN

No. 7630SC45

(Filed 2 June 1976)

1. Rape § 5— sufficiency of evidence

Evidence was sufficient for the jury in a rape prosecution where it tended to show that defendant gave his victim a ride home from a party, before releasing her he had intercourse with her against her will, the victim was examined by doctors the day after the alleged

rape and bruises were found on her body, and the victim's torn clothing and bloody underwear were introduced into evidence.

2. **Criminal Law § 114— jury instructions — more time given to State's evidence — no expression of opinion**

 The fact that the trial court consumed more time in stating to the jury the evidence for the State than in stating that of the defendant did not constitute an expression of opinion on the evidence.

ON *writ of certiorari* to review the judgment of *Wood, Judge,* entered 8 August 1975 in Superior Court, JACKSON County. Heard in the Court of Appeals 5 May 1976.

By bill of indictment proper in form, defendant was charged with raping Betty Louise Bryson on 24 April 1975. He pled not guilty, a jury found him guilty of second-degree rape, and from judgment imposing prison sentence of not less than 25 nor more than 30 years, he appealed. Upon failure of defendant to docket his appeal within the time allowed by the rules, we granted certiorari.

*Attorney General Edmisten, by Associate Attorney Jesse C. Brake, for the State.*

*Creighton W. Sossomon for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error, defendant contends the trial court erred in denying his motions for nonsuit and to set aside the verdict. We find no merit in the assignment.

Evidence presented by the State is summarized in pertinent part as follows:

On the evening of 24 April 1975 Miss Bryson, a 20-year-old white student at Western Carolina University, went to a party at the home of a girl friend in the Sylva-Cullowhee area. During the evening a sizable group of young men and women attended the party, drank considerable beer, some whiskey, and smoked marijuana. At the party Miss Bryson met defendant for the first time; he was the only black person there. Around 11:30 p.m. she tripped over a man's foot and hit her eye on a chair. She began suffering with a headache and inquired if someone would take her home. Defendant volunteered to carry her in his car and she accepted his invitation.

After leaving the party defendant drove to a friend's house and also stopped at another place purportedly to get something for Miss Bryson's headache. Thereafter, he drove the car a short distance, got out, and then returned from behind the car with no clothes on. He twisted Miss Bryson's arm behind her, forced her down across a console, and ripped her clothes off. He then pulled a knife and forced her onto the backseat of the car where he had intercourse with her against her will and tore at her with his hands. Thereafter, she put her clothes back on and defendant carried her to a point about a half mile from her home where he released her.

The victim was examined by doctors the next day and bruises were found on her arms, legs, lower back, and breasts. Her torn clothing and bloody underwear were introduced into evidence.

Defendant testified in his own behalf, stating that Miss Bryson asked him for a ride home, that she willingly had intercourse with him, and that he had no knife. He did not know what caused her bruises.

We hold that the evidence was more than sufficient to survive the motion for nonsuit. As to the denial of defendant's motion to set the verdict aside as being against the greater weight of the evidence, that motion was addressed to the sound discretion of the trial judge, *State v. Davis*, 282 N.C. 107, 191 S.E. 2d 664 (1972), and we perceive no abuse of that discretion.

[2] In his second assignment of error, defendant contends the court violated G.S. 1-180 in its charge to the jury by placing more stress on the State's evidence than on the defendant's. This contention has no merit.

The State presented six witnesses, three of whom were recalled to the stand a second time. Defendant presented four witnesses, two of whom were character witnesses. The State's testimony consumes some sixteen pages of the record while defendant's evidence consumes only seven pages. Thus it was necessary that the court devote more time in stating the State's evidence than in stating the defendant's evidence. It has been held many times that the fact that the court necessarily consumes more time in stating the evidence for the State than in stating that of the defendant does not constitute an expression of opinion on the evidence. *State v. Jessup*, 219 N.C. 620, 14

S.E. 2d 668 (1941), *State v. Murray,* 21 N.C. App. 573, 205 S.E. 2d 587 (1974).

Defendant's remaining assignments of error relate to the trial court's instructions to the jury. Suffice it to say, we have carefully reviewed the jury charge, with particular reference to defendant's assignments, and conclude that the charge is free from prejudicial error.

We hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges VAUGHN and ARNOLD concur.