STATE OF NORTH CAROLINA v. ROY LEE CAUTHEN

No. 8321SC563

(Filed 21 February 1984)

### 1. Constitutional Law § 31— indigent defendant—denial of motion for fees for second expert

Where the State had supplied an indigent defendant with one expert psychiatric witness who testified favorably in his behalf with respect to his insanity defense, the trial court did not abuse its discretion in denying defendant's motion for fees for a second expert psychiatric witness to examine defendant and testify at trial. G.S. 7A-450(b); G.S. 7A-454.

### 2. Criminal Law §§ 5, 102.5— question concerning defendant's qualifications for involuntary commitment

The prosecutor's question to a psychiatrist as to whether he had stated in his recommendations that defendant wouldn't meet the qualifications for involuntary commitment did not improperly convey to the jury that defendant would be released if found insane, especially in view of the witness's response that he believed defendant would meet the criteria for involuntary commitment.

### 3. Criminal Law § 112.6— instructions—burden of proof of insanity

Any confusion about the burden of proof on the issue of insanity caused by the court's instruction that "if you are in doubt as to the insanity of the defendant, then the defendant is presumed to be sane and you would find the defendant guilty of the charges, if the state has satisfied you as to the other issues" was cured by other instructions making it clear that the elements of the offense had to be proved "beyond a reasonable doubt" and that defendant was required to prove the issue of insanity only to the satisfaction of the jury.

### 4. Criminal Law § 163— assignment of error to instructions—necessity for objection at trial

Instructions concerning the burden of proof on the issue of insanity were not "plain error" and could not be assigned as error on appeal where defendant did not object thereto at the trial. App. R. 10(b)(2).

### 5. Criminal Law § 114.1— disparity of time in stating evidence for the parties—no error

The trial judge did not give more weight to the State's evidence than to defendant's evidence where the State presented more evidence than defendant, thus justifying a longer summary of the State's evidence, and where the judge gave accurate instructions on the elements of the crime and the insanity defense.

### 6. Criminal Law § 5.1— insanity defense—uncontradicted expert testimony—jury question

The fact that an expert's testimony that defendant did not know the difference between right and wrong at the time of the crime was uncontradicted

did not entitle defendant to have a guilty verdict set aside as being against the greater weight of the evidence, since an expert's diagnosis of mental illness is not conclusive, and the question of insanity is for the jury. G.S. 15A-1414(b)(2).

**7. Criminal Law § 138— aggravating factors—dangerousness to self and others**

While the trial court properly found as an aggravating factor in sentencing that defendant was dangerous to others, a finding that he was dangerous to himself bore no relation to the statutory purposes of sentencing or the length of sentence and was improperly considered as an aggravating factor.

**8. Criminal Law § 138— assault on adult—young age of victims—improper aggravating factor**

In sentencing defendant for assault on an adult and two children, the trial court incorrectly found as an aggravating factor in imposing the sentence for assault on the adult that "the victims were young" since the age of the victims was irrelevant to the sentence to be imposed for the assault on the adult.

APPEAL by defendant from *McConnell, Judge.* Judgment entered 25 January 1983 in Superior Court, FORSYTH County. Heard in the Court of Appeals 10 January 1984.

On 12 July 1982, defendant was arrested and charged with three counts of assault with a deadly weapon inflicting serious injury. Defendant was indigent and counsel was appointed for his defense. Prior to trial, defendant gave timely notice of his intention to rely on the insanity defense and to introduce expert medical testimony relating to that defense.

At trial, the State presented evidence that on 12 July 1982, defendant walked into a day care center near his home, pulled out a pocketknife, stabbed one child in the chest, another in the abdomen, and cut a teacher on the arm. The defendant said nothing, but chanted "Dog food, dog food," while he was in the day care center.

Defendant's evidence showed that, after his arrest, defendant was sent to Dorothea Dix Hospital for observation and treatment. Dr. Bob Rollins diagnosed defendant as having paranoid schizophrenia, a mental illness from which defendant had suffered for many years. Dr. Rollins, an expert in forensic psychiatry, testified that it was his opinion that, at the time of the crime, defendant did not know the nature and quality of his act and did not know the difference between right and wrong.

A jury found defendant guilty on all three counts of assault with a deadly weapon inflicting serious injury. Defendant re-

ceived the maximum sentence of ten years for each count, the sentence in the second case to begin at the expiration of the sentence in the first case. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Donald W. Grimes, for the State.*

*Hebert & Miller, by Carol S. Hebert, for defendant-appellant.*

EAGLES, Judge.

[1]   Defendant first assigns as error the trial judge's denial of defendant's motion for fees for a second expert medical witness to examine defendant and testify at trial. We find no error in the trial judge's ruling.

G.S. 7A-450(b) provides that: "Whenever a person . . . is determined to be an indigent person entitled to counsel, it is the responsibility of the State to provide him with counsel and the other necessary expenses of representation." Authorization for fees for expert witnesses is within the sound discretion of the trial judge. G.S. 7A-454; *State v. Tatum*, 291 N.C. 73, 229 S.E. 2d 562 (1976). The United States Supreme Court has held that there is no constitutional mandate on the State to appoint an expert witness for an indigent defendant. *United States ex rel. Smith v. Baldi*, 344 U.S. 561, 568 (1953). Our Supreme Court found no violation of due process or equal protection in a trial court's refusal to appoint an additional expert psychiatric witness when the State had already provided two experts. *State v. Patterson*, 288 N.C. 553, 220 S.E. 2d 600 (1975), *death sentence vacated*, 428 U.S. 904 (1976); see also, *State v. Easterling*, 300 N.C. 594, 268 S.E. 2d 800 (1980).

Defendant contends that an indigent defendant has, pursuant to his right to effective assistance of counsel, the same right to a second medical expert as a defendant who can afford to hire one. We do not agree. A second expert opinion is necessary only when "substantial prejudice" will result from the denial of fees. *State v. Parton*, 303 N.C. 55, 66, 277 S.E. 2d 410, 418 (1981). Here, there was no "substantial prejudice" because the State had already supplied defendant with one medical expert who had testified favorably in his behalf. A defendant's constitutional right to effective assistance of counsel does not require that the State "furnish

State v. Cauthen

a defendant with a particular service simply because the service might be of some benefit to his defense." *Parton, supra;* see also, Note, *An Indigent's Constitutional Right to a State-Paid Expert,* 16 Wake Forest L. Rev. 1031 (1980). We hold that there was no abuse of discretion when the trial judge here denied defendant's request for fees for a second medical expert. The State had already supplied defendant with one expert and there was no showing of substantial prejudice resulting from the denial of fees.

[2] Defendant's second assignment of error concerns Dr. Rollins' testimony that defendant did not meet the qualifications for involuntary commitment. Defendant contends that the trial judge admitted this testimony in violation of an order in limine prohibiting the State from conveying to the jury that defendant would not be incarcerated if found insane. We do not agree.

The prosecutor's question to Dr. Rollins was: "In your recommendations you said he wouldn't meet the qualifications for an involuntary commitment, didn't you?" We find that this question was a proper means of testing Dr. Rollins' expert opinion. This did not convey to the jury that defendant would be released if found insane, especially in view of Dr. Rollins' response that "I believe he would meet the criteria which are that you be mentally ill and dangerous to yourself or others." Defendant relies on *State v. Hammonds,* 290 N.C. 1, 224 S.E. 2d 595 (1976), for the proposition that any mention of a defendant's qualification for involuntary commitment is reversible error. This reliance is inappropriate because the reversible error in *Hammonds* occurred after a district attorney's remark that defendant would be back in the community if found not guilty by reason of insanity. There, the trial judge denied defendant's request to instruct the jury on the consequences of a verdict of not guilty by reason of insanity. Here, the trial judge instructed the jury on the commitment proceedings that would take place if the jury found defendant not guilty by reason of insanity. Therefore, we hold that the question as to whether defendant met the qualifications for involuntary commitment did not, under this set of facts, convey to the jury that defendant would be released if found not guilty by reason of insanity.

[3] Defendant's third assignment of error is that the trial judge incorrectly instructed the jury as to the burden of proof that

defendant must meet to prove his defense of insanity. We find no error.

**[4]** The trial judge originally instructed the jury that "unlike the State which must prove all of their elements of the crime beyond a reasonable doubt, the defendant need only prove this issue of insanity to your satisfaction." This was a correct statement of the burden of proving the affirmative defense of insanity. *State v. Atkinson*, 275 N.C. 288, 167 S.E. 2d 241 (1969). Thereafter, the trial court stated, "[I]f you are in doubt as to the insanity of the defendant, then the defendant is presumed to be sane and you would find the defendant guilty of the charges, if the state has satisfied you as to the other issues." This statement did not refer to "proof beyond a reasonable doubt." If this statement caused any confusion, the trial judge resolved that confusion by (1) instructing the jury that the elements of the offense had to be proved "beyond a reasonable doubt," and (2) phrasing the second issue: "Do you find the defendant not guilty because you are satisfied that he was insane?" We find that these subsequent instructions cured any error regarding defendant's burden of proof on the insanity issue. In any event, defendant did not object to the jury instructions at trial. Because he did not and we find no "plain error" in the instructions, defendant may not assign these instructions as error on appeal. N.C. R. App. P. 10(b)(2); *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

**[5]** Defendant's fourth assignment of error is that the trial judge incorrectly gave more weight to the State's evidence than to defendant's evidence. We find no merit in this contention, because (1) the State presented more evidence than defendant, thus justifying a longer summary of the State's evidence, *State v. Murray*, 21 N.C. App. 573, 205 S.E. 2d 587 (1974); (2) the trial judge gave fair and accurate instructions on the elements of the crime and the insanity defense; and (3) defendant did not object at trial to the trial judge's summary of the evidence, thereby waiving this objection on appeal. N.C. R. App. P. 10(b)(2).

**[6]** Defendant's fifth assignment of error is that the trial judge incorrectly denied defendant's motion to set aside the verdict as against the weight of the evidence because Dr. Rollins' testimony as to defendant's mental condition was not contradicted. A ruling on a G.S. 15A-1414(b)(2) motion is within the discretion of the trial

judge, and refusal to grant such a motion is not error absent a showing of abuse of that discretion. *State v. Batts*, 303 N.C. 155, 277 S.E. 2d 385 (1981). An expert's diagnosis of mental illness is not conclusive, and the question of insanity is one for the jury. *State v. Leonard*, 300 N.C. 223, 266 S.E. 2d 631 (1980). We find here no abuse of the trial judge's discretion in denying defendant's motion to set aside the verdict.

[7] Finally, defendant asserts that there was error in the sentencing phase of his trial. We find error in the aggravating factors found in all three cases. In each case, the trial judge improperly found, as an additional finding in aggravation, that "Dr. Bob Rollins testified that because of the mental condition of the defendant he was dangerous to himself and others. He also testified that the defendant should receive his medication under supervision." Here, as in *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983), there was no error in finding as an aggravating factor, that defendant was dangerous to others. "However, defendant's dangerousness to himself, while a valid consideration in determining whether he should be confined, bears no relation to the statutory purposes of sentencing or the length of his sentence. G.S. § 15A-1340.1(a)." *Id.* at 604, 300 S.E. 2d at 702. As to that portion of the findings in aggravation, we hold that there was error.

[8] An additional error in sentencing was present in 82CR28230, where the victim was an adult teacher at the day care center. The trial judge incorrectly found, as an aggravating factor, that "[t]he victims were young." The young age of the victims in 82CR28228 and 82CR28229 was irrelevant to the sentence to be imposed for defendant's assault on this adult, for "each offense, whether consolidated for hearing or not, must be treated separately, and separately supported by findings tailored to the individual offense and applicable only to that offense." *Id.* at 598, 300 S.E. 2d at 698.

Because the trial judge erred in finding these aggravating factors and imposed a sentence beyond the presumptive term, we must remand the cases for new sentencing hearings. *State v. Ahearn, supra.*

No error in the trial; remand for resentencing.

Judges HEDRICK and BRASWELL concur.