WARREN D. NIX v. ALLSTATE INSURANCE COMPANY

No. 8324SC586

(Filed 1 May 1984)

**1. Appeal and Error § 42; Rules of Civil Procedure § 43— insertion of excluded answer in record**

Although the trial judge is not required to allow insertion of an answer in the record if it clearly appears that the proffered testimony is not admissible on any grounds, the trial judge should be loath to deny an attorney his right to have an excluded answer placed in the record because the Appellate Division may not concur in his judgment that the proffered testimony is clearly inadmissible. G.S. 1A-1, Rule 43(c).

**2. Evidence § 35— admissibility of spontaneous utterances**

Declarations made by a participant or bystander in response to a startling or unusual event and without opportunity to reflect or fabricate are admissible as spontaneous utterances.

**3. Evidence § 35— spontaneous utterances—declarant need not be unavailable**

The declarant need not be unavailable as a witness at trial for a spontaneous utterance to be admissible. Moreover, spontaneous utterances are admissible as substantive evidence and their admissibility is not limited to impeachment or corroboration purposes.

**4. Appeal and Error § 42; Evidence § 35; Rules of Civil Procedure § 43— spontaneous utterance—failure to permit offer of proof for record**

In an action to recover under an insurance policy for the destruction of an automobile by fire, the trial court erred in refusing to allow defendant insurer to make an offer of proof for the record of a spontaneous utterance made by plaintiff's wife to an officer which may have implicated plaintiff in setting the family automobile afire.

APPEAL by defendant from *Friday, Judge.* Judgment entered 11 February 1983 in Superior Court, MADISON County. Heard in the Court of Appeals 5 April 1984.

Plaintiff instituted this action to recover the amount due under the terms of an automobile insurance policy issued by defendant for the destruction of his automobile due to fire. The issues at trial were whether fire was accidental in origin, and if so, what amount was plaintiff entitled to recover from defendant. The jury found that the plaintiff's automobile was damaged as a result of accident and that plaintiff was entitled to recover $5,000 from the defendant. The court entered judgment in accordance with the jury's verdict and also ordered defendant to pay plaintiff's counsel fees.

*Huff and Huff, by Stephen E. Huff, for plaintiff-appellee.*

*Roberts, Cogburn, McClure and Williams, by Robert G. McClure, Jr., and Isaac N. Northrup, Jr., for defendant-appellant.*

HILL, Judge.

The dispositive issue on appeal is whether the trial court committed prejudicial error by refusing to allow defendant to make an offer of proof for the record. For the reasons that follow, we hold the trial court did err and remand this cause for a new trial.

During its presentation of evidence, defendant called Sergeant Johnny Robinson of the North Carolina Highway Patrol to the stand. Sergeant Robinson was initially examined out of the presence of the jury. He testified that he was on routine patrol on the evening of 4 July/morning of 5 July 1981 when he observed a fire in the distance. As he neared the fire, he encountered plaintiff's wife and her daughter running toward him on the shoulder of the road. He stopped his vehicle and Mrs. Nix entered the car. Mrs. Nix was crying and upset. When defendant's counsel asked Sgt. Robinson what she said upon entering the car, the trial court sustained plaintiff's objection and refused to allow defendant to have Sgt. Robinson's answer placed in the record. Sgt. Robinson subsequently gave the same testimony in the presence of the jury. Again, the trial court refused to allow Sgt. Robinson to

testify regarding Mrs. Nix's statement to him and refused to allow defendant's counsel to make an offer of proof for the record.

[1]  Rule 43(c) of the North Carolina Rules of Civil Procedure provides in pertinent part:

> (c) *Record of Excluded Evidence.* In an action tried before a jury, if an objection to a question propounded to a witness is sustained by the court, the court on request of the examining attorney *shall* order a record made of the answer the witness would have given. (Emphasis added.)

Rule 43(c) thus requires the trial court, upon request, to allow the insertion of excluded evidence in the record. The trial judge, however, is not required to allow insertion of an answer in the record if it clearly appears that the proffered testimony is not admissible on any grounds. 1 Brandis North Carolina Evidence § 26 (1982); *State v. Chapman,* 294 N.C. 407, 241 S.E. 2d 667 (1978); *see cf. Sheppard v. Sheppard,* 38 N.C. App. 712, 248 S.E. 2d 871 (1978), *disc. rev. denied,* 296 N.C. 586, 254 S.E. 2d 34 (1979) (action tried without a jury). The trial judge, though, "should be loath to deny an attorney his right" to have an excluded answer placed in the record because the Appellate Division may not concur in his judgment that the proffered testimony is clearly inadmissible. *State v. Chapman,* 294 N.C. at 415, 241 S.E. 2d at 672.

Defendant contended at trial that the proffered testimony was admissible under the spontaneous or excited utterance exception to the hearsay rule. The trial court, however, refused to allow the testimony because the declarant, Mrs. Nix, was available as a witness for the defendant. The trial judge went on to state that he would allow the evidence only if it corroborated the testimony of Mrs. Nix, who had not testified.

[2]  Declarations made by a participant or bystander in response to a startling or unusual event and without opportunity to reflect or fabricate are admissible as spontaneous utterances. *State v. Bowden,* 290 N.C. 702, 228 S.E. 2d 414 (1976); *see generally* 1 Brandis North Carolina Evidence § 164 (1982); McCormick on Evidence § 297 (1972). The trustworthiness and reliability of such declarations are derived from their spontaneity—the unlikelihood of fabrication because the statement is made in immediate response to the stimulus of the occurrence and without opportunity

to reflect. *State v. Deck,* 285 N.C. 209, 203 S.E. 2d 830 (1974). Because spontaneity is what makes the statements relevant and admissible, statements made after the event are admissible if they are spontaneous. *State v. Hamlette,* 302 N.C. 490, 276 S.E. 2d 338 (1981).

[3] Contrary to the trial judge's statement, the declarant need not be unavailable as a witness at trial for a spontaneous utterance to be admissible. McCormick on Evidence § 297 (1972); *see Woods v. Roadway Express, Inc.,* 223 N.C. 269, 25 S.E. 2d 856 (1943); *State v. Poole,* 298 N.C. 254, 258 S.E. 2d 339 (1979); *State v. Collins,* 50 N.C. App. 155, 272 S.E. 2d 603 (1980); *State v. McKinney,* 13 N.C. App. 214, 184 S.E. 2d 897 (1971). Spontaneous utterances are admissible as substantive evidence and their admissibility is not limited to impeachment or corroboration purposes. *See State v. Harding,* 291 N.C. 223, 230 S.E. 2d 397 (1976); *State v. Collins, supra; State v. McKinney, supra.* In fact, Mrs. Nix never testified.

[4] At the time Mrs. Nix made her statement to Sgt. Robinson, the family automobile was ablaze, and she was visibly upset. She had run to meet Sgt. Robinson. Under these circumstances, it was unlikely that she fabricated her statement. Her declaration, if relevant and otherwise admissible, therefore, should have been admitted.

Unfortunately, we do not know the content of her statement based upon the record before us. Consequently, we are unable to determine whether the exclusion of the proffered testimony constituted prejudicial error. Because it is possible Mrs. Nix's spontaneous utterance implicated her husband in setting the family automobile afire, and hence bore upon the critical issue at trial, we must remand for a new trial. We cannot say that the exclusion was harmless error.

New trial.

Judges HEDRICK and JOHNSON concur.